No. 25.—JAMES GARRISON, plaintiff in error, *vs.* LEVI WILCOX- SON, defendant in error.

[1.] The plaintiff in error made and delivered to the defendant, the follow-ing paper: "Received of Levi Wilcoxson, ninety dollars in cash, and one note on Echols Daniel, of one hundred and sixteen dollars, which I agree to settle, when we have a final settlement. This, 8th April, 1843, with interest from date." (Signed.) JAMES GARRISON:" *Held*, that after the lapse of a reasonable time, and demand of a settlement, and refusal, an action lay in favor of the plaintiff in error against Garrison, the defendant, upon this instrument, for damages.

[2.] In determining whether an appeal is frivolous, it is the duty of the Jury to consider all the evidence in the cause.

[3.] The relative duties of the Jury and the counsel in a cause, stated.

Case, in Coweta Superior Court. Tried before Judge HILL, September Term, 1851.

This was an action on the case, brought by the defendant in error, against the plaintiff in error, on a receipt, of which the following is a copy:

"Received of Levi Wilcoxson, ninety dollars in cash, and one note on Echols Daniel, of one hundred and sixteen dollars, which I agree to settle when we have a final settlement, this 8th April, 1843, with interest from date."

                                         "JAMES GARRISON."

Garrison  *vs.*  Wilcoxson.

On the trial, plaintiff proved that he had frequently requested the defendant to come to a settlement.  It was also in proof, that on one occasion, the parties entered upon a settlement, but that the same was broken up before completed.

The defendant introduced no testimony.

The Court charged the Jury, " that the receipt imposed upon the parties mutual or concurrent obligations; upon the plaintiff, to allow it to be accounted for on final settlement, when it should be made, and if it never took place, then the defendant was liable in this form of action, for damages or money had and received to plaintiff's use, upon the receipt; and he being under at least equal obligation with the plaintiff, to make the settlement, was bound to plead and prove that he was entitled to have a settlement with plaintiff, and account in that way, instead of being responsible in money; and further, that he was, on his part, ready and willing to make the settlement; that the plaintiff was only bound to negative the language of the contract in the statement of the breach, and not even to prove that negative, while defendant was bound to show performance affirmatively—there being no objection to the declaration, but counsel admitting it to be sufficient."

The Court farther charged the Jury, that the plaintiff might sue and recover, on the receipt alone, in this form of action; provided the defendant had notice of his wish and request to settle, and the matters remaining unsettled between them might still be settled and adjusted between them voluntarily, or by another suit, &c.

The Court also charged the Jury, that if they believed the appeal was frivolous, they should find such damages as they might think proper; and that in determining whether the appeal was frivolous, they must look to the evidence introduced by defendant, and not to the argument of counsel, in the progress of the case.

To which charge of the Court, plaintiff in error excepted.

W. DOUGHERTY & SIMMS, for plaintiff in error.

Garrison *vs*. Wilcoxson.

McKinley, for defendant.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] We cannot doubt but that the presiding Judge took the correct view of this paper. It is an undertaking, on the part of the defendant, that he would settle with the plaintiff, the sum of ninety dollars in cash, and the amount of a promissory note upon a third person, (which amount of cash, and which note, he, in the instrument, acknowledges to have received from him,) when he and the plaintiff should have a final settlement. There is no time specified for the settlement. The obligation to come to a settlement is mutual, and it is the right of the plaintiff, when the settlement is had, to have this money and the proceeds of this note accounted for—it is of course the obligation of the defendant to account, when the settlement is had. It cannot be, however, that the settlement referred to, can be postponed or evaded for an indefinite period of time. No time being fixed by the parties for the settlement, no time is fixed for the maturity of this paper. In such a case, the law fixes a time, and that is within a reasonable time. After the lapse of a reasonable time, the plaintiff had the right to demand a settlement, and if declined or refused, a right of action then accrued to him for damages growing out of such refusal ; and the money and note, with interest, would be the criterion of damages, in the absence of any defence, which, in law, ought to prevail. A reasonable time had elapsed in this case. The instrument bears date in April, 1843, and the suit was instituted in 1849. A demand for a settlement was averred in the declaration, and proven on the trial. If the defendant has settled and accounted, or if he has been prevented from coming to a settlement and accounting, by the act of the plaintiff, he can show these things on the trial. So also, he may, in his defence, go into the settlement, and show that upon settlement, he owes the plaintiff nothing ; and if the Law is insufficient to give him a complete defence, upon a proper case made, the doors of the Court of Chancery are open to him. No question is made about the

form of action, or the sufficiency of the pleadings. Upon this assignment we are with the Court below.

[2.] We cannot sustain the Court in its instructions to the Jury, relative to their duty in assessing damages for a frivolous appeal. The Jury are instructed, that in determining whether the appeal is frivolous, they are not to look to the argument of counsel, but to the evidence for the appellant. The Statute directs that upon hearing the appeal, if it shall appear to the Jury that the appeal was frivolous and intended for delay only, they shall assess damages to the party aggrieved by such delay, not exceeding 25 per centum, on the principal sum they shall find due. *Prince,* 426. The object of this Act is to prevent groundless appeals, by inflicting a penalty, in the shape of damages, and to compensate the respondent for the delay, cost and vexation occasioned by such appeals. The appeal is matter of right, and liability to damages is incurred to prevent an abuse of the right. The Jury are made the judges of the question, whether the appeal is frivolous; and in deciding it, they are required by the Act to determine also whether it be intended for delay only. They are to determine that it was frivolous: that is, unmeaning, trifling, without reason; and are also to determine that it was intended for delay only, before they can give damages. An appeal is frivolous, when there is manifestly nothing in the evidence to sustain the cause of the appellant; and when this is the case, the inference is legitimate, that it was intended for delay only. Receiving, as it is their duty to do in all cases, the law of the case from the Court, they are to consider of the evidence; from that they derive their verdict, and from that also, they are to judge whether the appeal is frivolous. If, from a view of the evidence, they find nothing to sustain the cause of the appellant—nothing to support his defence—nothing which denies to the plaintiff a right to recover, they are bound to adjudge it frivolous, and to assess the damages accordingly. But in arriving at this judgment, they are clearly not at liberty to consider only the evidence which the appellant has brought forward. They must look to all the evidence in the case. The appellant may have no evidence, except what he had on the

trial at Common·Law, and yet his appeal may not be frivolous. The weight of the evidence may be decidedly against him, and yet the appeal may not be frivolous. His right to appeal and a hearing before a special Jury, is, under our system, a great and valuable right, and ought not to be discouraged but upon clear grounds. He may introduce no evidence whatever, and his appeal still may not be frivolous. A defence is not unfrequently sustained by the plaintiff's evidence. The plaintiff may not have proved his case so fully as to warrant a recovery ; or the evidence may be so ambiguous as to admit of doubt as to .his right. When in such·cases, an appeal is taken by the defendant, it would be manifestly contrary to the Statute which gives the right of appeal, to visit the appellant with damages. Enough has been said to show, what it was my purpose to illustrate, that in determining the question of frivolity, the Jury must not look alone, as the Court instructed them, to the evidence for the appellant, but to all the evidence in the case. Upon this ground we award a new trial, unless the respondent shall remit the damages assessed by the Jury.

[3.] The Court further, as we have seen, charged the Jury, that in determining this question, they were not "to look to the argument of counsel." Upon this subject, we can lay down no rule with precision. In a very significant sense, they must *look* to the argument of counsel. Parties have a right to appear by counsel, and it is the privilege of counsel to address the Jury on the facts. If the Jury are to disregard the argument of counsel altogether—if they are to shut their ears to their illustrations, comments and reasonings, how unmeaning, indeed how absurd is the appearance of counsel! It is a most valuable right to be represented by learned and eloquent counsel, not only before the Court, as to the law, but also before the Jury, as to the facts.

It means something—it is a guarantee against the encroachments of power upon the personal rights of the citizen. It is, in this country, no mean privilege. So far as the facts of a case are concerned, the privilege is valuable, just because the Jury may look to the argument of counsel—may consider his reasoning, before making up their verdict. I do not suppose that

the Judge, in this instance, intended to instruct the Jury, that they should not listen to, and avail themselves of the aid of the argument of counsel, in coming to a decision in this case. He meant that the argument of counsel should not be to them a *basis* of decision. He meant to say that the statements and inferences of counsel are not the criterion of their judgment, but that the evidence is. In this view of the charge, it is not at all objectionable. The true view of the position of counsel, before the Jury, is that of aids or helps. They are officers of the Court—amenable to its authority, subject to its correction, and restrained by usages of honor and courtesy, which, however, in some instances disregarded, are as ancient in their origin and as potent for good, and as generally respected, as any usages which belong to any class of the highest grade of civilized man. The duties of the advocate are among the most elevated functions of humanity. Whilst he is the representative of his client's cause, yet these considerations insure an honorable advocacy. His business is to comment on the evidence—to sift, compare and collate the facts—to draw his illustrations from the whole circle of the sciences—to reason with the accuracy and power of the trained logician, and enforce his cause with all the inspirations of genius, and adorn it with all the attributes of eloquence. It is the business of the Jury to listen, to be informed, but not to obey. They sit, the sworn arbiters of the cause, bound by the most solemn sanctions, to do justice between the parties, *according to the evidence.*


