No. 69.—ALEXANDER J. ROBINSON, plaintiff in error, *vs.* SOLOMON ADKINS, defendant in error.

[1.] " It is the right of Counsel to argue both the law and the facts of his case to the Jury, subject, of course, to the charge of the Court upon the law, and his right to grant a new trial, should the verdict be contrary thereto."

Debt, in Muscogee Superior Court. Tried before Judge WORRILL, June Term, 1855.

This was a suit by Adkins, a bill-holder, against Robinson, a stockholder in the Planters' & Mechanics' Bank of Columbus, for the redemption of the bills of said bank. Many of the questions made and errors assigned, being the same with those argued and determined in the foregoing case, (*Ro-*

Robinson *vs.* Adkins.

*binson vs. Lane,*) and upon the same state of facts, it is unnecessary to repeat them here.

Defendant objected to the record of the suit *vs.* Alexander the assignee, on the ground that the declaration described the notes as made by said Alexander.   The Court over-ruled the objection, and defendant excepted.

*Ragan,* the present assignee of the bank, admitted that he had as assets of the bank, $40.000 of the bills of the Western Bank of Rome.   Defendant, to rebut the return of *nulla bona,* proposed to show the value of these bills by proving that the stockholders were solvent. · The Court rejected the evidence, and defendant excepted.

Defendant also proposed to show, that certain notes among the assets on J. C. Watson and others, were solvent in 1843, 1844 and 1845.   The Court rejected the evidence, and defendant excepted.

Defendant proposed to show the amount of assets turned over to Alexander as assignee, and avowed his object was to show the assent of this creditor to the assignment, he having brought suit against Alexander as assignee.   The Court held the testimony inadmissible, unless an actual, not implied assent, could be shown.   To this decision defendant excepted.

When H. Holt, Esq. was arguing the case for def't to the Jury, he was proceeding to read portions of the charter, to show the Jury that defendant was not the owner of the 475 shares of stock transferred to him, when he was stopped by the Court and required to argue that question to the Court as a question of law, and not to the Jury.   Counsel insisted, but the Court refused to allow him to proceed on that point to the Jury.   To this proceeding defendant excepted.

The charge of the Court and the refusals to charge, are the same as in the preceding case.   And to all of them defendant excepted.

B. HILL; H. HOLT, for plaintiff in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The judgment of this Court in this case was, that the case "be reversed upon all the grounds of reversal contained in the case of *Lane vs. Robinson*, decided at this term.

[1.] "As to so much of the bill of exceptions as relates to the conflict between Counsel and the Court, this Court holds that it is the right of Counsel to argue both the law and facts of his case to the Jury, subject, of course, to the charge of the Court upon the law, and his right to grant a new trial, should the verdict be contrary thereto."

As to the first part of this judgment, I merely refer to what is said by the Court, and by me in dissent, in *Lane vs. Robinson*, the case mentioned in that part of the judgment.

In support of the latter part of the judgment, I will refer to some provisions of the several Constitutions of the State, and then to a Common Law authority or two.

The provisions in the Constitution of 1777, which I refer to, are the following:

"XLI. The Jury shall be judges of law as well as of fact, and shall not be allowed to bring in a special verdict; but if all or any of the Jury have any doubts concerning any points of law, they shall apply to the Bench, who shall, each of them, in rotation, give their opinion."

"XLII. The Jury shall be sworn to bring in a verdict according to law, and the opinion they entertain of the evidence: provided, it be not repugnant to the rules and regulations contained in this Constitution."

"XLIII. The Special Jury shall be sworn to bring in a verdict according to law, and the opinion they entertain of the evidence: provided, it be not repugnant to justice, equity and conscience, and the rules and regulations contained in this Constitution, of which they shall judge."

There is nothing in this Constitution, which gives the Court the power to grant new trials. (*Watk. Dig.* 14.)

The provision in the Constitution of 1789, to which I refer,

is the following: "Freedom of the press, and trial by Jury,. shall remain inviolate."

In this Constitution was a section, saying that the General Assembly should point out the mode of correcting errors and appeals, to extend as far as to empower the Judges to direct a new trial. (*Id.* 29, 28.)

The provision to which I refer in the Constitution of 1798, is the following: "Freedom of the press and trial by Jury, as heretofore used in this State, shall remain inviolate."

In this Constitution, power was given to the Court "to order new trials on proper and legal grounds."

The Common Law authorities to which I refer, are these:

"*Also, in such case, where the inquest may give their verdict at large, if they will take upon them the knowledge of the law upon the matter, they may give their verdict generally, as is put in their charge,*" &c. This says *Littleton.* *Coke,* commenting on it, says: "Although the Jurie, if they will take upon them (as *Littleton* here saith,) the knowledge of the law, may give a general verdict, yet, it is dangerous for them so to doe, for if they doe mistake the law, they runne into the danger of an attaint; therefore, to find the speciall matter, is the safest way, where there is any doubt." (*Coke Litt. section* 368, *p* 228, *a.* And see *Id.* 155, *b, note* 5.)

*Blackstone* says: "But in both these instances," (instances of a special verdict and a special case,) the Jury may, if they think proper, take upon themselves to determine, at their own hazard, the complicated question of fact and law; and, without either special verdict or special case, may find a verdict absolutely for either the plaintiff or defendant." (3 *Black. Com.* 378.)

These constitutional provisions and Common Law authorities, taken together, seem to be quite sufficient to support the latter part of the judgment of this Court.

Speaking for myself, I must say that I think they are quite sufficient to support the proposition, that the Jury are the Judges of the law as well as of the fact, in *all* cases; and

that the only restriction upon this power, is the power in the Court to grant a new trial, when it deems the verdict contrary to law.

If so, what is the law, ought as well to be discussed before the Jury, as what is the fact; that is the right of the *Jury,* not less than the right of the parties.