Robinson, J.
The sole question here is as to the right of the accused, in argument by counsel, to urge the jury to exercise the power and privilege vested in them by Section 12400, General Code, to recommend mercy and thereby spare his life. For it must be conceded that if he has such right, and that right is denied him, such denial would be highly prejudicial.
Section 10, Article I of the Ohio Bill of Rights, provides: “In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel.”
This court in the case of Dille v. State, 34 Ohio St., 617, has held in effect that an unreasonable limitation of the time allowed to the counsel of the *379 accused in argument to the jury is a violation of the constitutional right of the accused to defend by counsel, and the case is in accord with the holdings of the courts of other states and of the United States.
If an unreasonable limitation of the argument as to time violates this provision of the constitution, an unreasonable limitation as to subject-matter also would necessarily violate the same provision.
The function of counsel in a jury case is to aid the court in the application of correct principles of law and the orderly administration of justice; to aid the jury in ascertaining the facts pertinent to the issue, the relationship and the application of the facts and law to each other and to the issue in the case, in determining the inferences and conclusions to be drawn from the facts; and especially to secure to his client every right to which he is entitled under the law of the land. In securing such right it is not only his duty to bring to the attention of the court and jury pertinent competent facts favorable to the cause of his client, and to prevent incompetent, irrelevant facts from being introduced against him, but it is also his duty to aid the court and jury in the analysis of such facts and in the drawing of proper and reasonable inferences therefrom; and in arriving at a correct conclusion from such facts and reasonable inferences, and in the discharge of such duty, he is at liberty to argue every controlling fact or inference touching not only the question of the guilt or innocence of the accused of the crime charged, *380 but also, where the jury have the power to fix the penalty, every fact or inference which may influence the jury in fixing such penalty, and while counsel is not entitled to bring to the attention of the jury, -by argument, facts in support of which no evidence has been adduced, a wide latitude is allowed him by way of illustration. As was said in the extensively quoted case of Garrison v. Wilcoxson, 11 Ga., 154, at page 159: “Draw his illustrations from the whole circle of the sciences, * * * enforce his cause with all the inspirations of genius, and adorn it with all the attributes of eloquence.”
This court in the case of Howell v. State, post, 411, which was considered with this case, has held that the jury in determining whether it shall recommend mercy is confined to a “view of all the circumstances and facts leading up to, and attending the alleged homicide as disclosed by the evidence.”
The right to recommend mercy having thus been limited by this court to “the circumstances and facts leading up to, and attending the alleged homicide as disclosed by the evidence,” and it therefore having been the duty of the trial court in the instant case to so charge the jury, it became the duty of the jury to consider those facts and circumstances with reference to determining the question of the guilt or innocence of the accused of the crime charged, and it also became their privilege to consider those same facts and circumstances with reference to determining whether they would or would not recommend mercy, and equally became the privilege of the accused by his counsel to argue those facts and *381 circumstances with a view to that phase of the verdict and to make such illustrations in connection with that phase of his argument as in his judgment would best secure the favorable consideration of the jury, and a denial of such privilege was a denial of the right guaranteed to him by Section 10, Article I of the Constitution of Ohio.
The jury having failed to recommend mercy, the prejudice to the accused is apparent, and in the instant case is emphasized by the failure of the court to observe the same policy with reference to the argument of counsel for the state.
The judgments of the court of appeals and of the court of common pleas will be reversed and the cause remanded for further proceedings according to law.

Judgments reversed, and cause remanded.

. Marshall, C. J., Johnson, Hough, Jones and Matthias, JJ., concur.