12288.   ATKINSON *v.* MULLIS *et al.,* administrators.

STEPHENS, J. 1. A plea of payment of the indebtedness sued upon is not sustained by proof of a payment by the debtor to the creditor, after the creation of the debt, of sums of money equal to the amount of the alleged payment, in the absence of some evidence connecting the payments made with the indebtedness in question. *Simmons* v. *Thornton*, 111 *Ga.* 239 (36 S. E. 685). In a suit upon a promissory note, evidence that the note sued on was one of a series of notes given by the defendant for the purchase-price of a particular tract of land, that sufficient sums of money had, since the creation of the indebtedness, been paid by the maker to the holder of the note to discharge the entire indebtedness together with the note sued on, that the balance of the indebtedness, other than the note sued on, had in fact been paid, and such paid indebtedness cancelled and the notes marked paid and surrendered to the maker, and that at the time such balance was paid, and before the payment of a sum sufficient to cancel the entire indebtedness, the holder or payee made a deed covering the land to the maker of the note, while relevant to the issue of payment and showing circumstances to be considered by a jury upon the question of payment, yet, in the absence of any proof connecting such excess payments with the indebtedness sued

on, is insufficient to sustain a plea by the debtor that the note sued on has been paid.

2. Where the payee or holder of the note at the time of the alleged payment is dead, in a suit thereon by his administrator against the maker, testimony of an agent, employed by the maker to obtain for the maker a loan upon the land, that at the time when he (the agent) negotiated the loan he paid to the plaintiff's intestate, the payee of the note, the money derived from the loan, and thereby discharged a part of the indebtedness represented by the note sued on (as well as the entire indebtedness represented by the other notes, which were at the time cancelled), was inadmissible, and was properly excluded as being testimony offered in favor of a surviving party by an agent of such surviving party, at the time of the transaction testified about, as to transactions or communications had by such agent with the deceased person and concerning which his principal was incompetent to testify. Civil Code (1910), § 5858 (1), (5).

3. The surviving party, being incompetent to testify in his own favor against the deceased party as to transactions or communications by himself with such deceased party, was incompetent to prove indirectly by his own testimony that money which he had paid to the deceased party was paid and applied to the indebtedness represented by the note sued on, by testifying that he, the surviving party, had never had any other dealing or transaction with the deceased party than the purchase of the land for which the note was given, and that he never owed to the deceased party any money except for that land.

4. The evidence offered by a son of the defendant to sustain the plea of payment was properly excluded, since it was clearly apparent that the witness had no direct or personal knowledge of the transactions testified to, that his testimony was based solely upon hearsay and was purely negative in character.

5. The evidence which was relevant to the issue, not being sufficient to sustain the defendant's plea of payment, the execution of the note having been admitted, the court did not err in directing a verdict for the plaintiff.

         *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
         DECIDED FEBRUARY 10, 1922.

Complaint; from Pulaski superior court — Judge Gower presiding. February 19, 1921.

*H. E. Coates,* for plaintiff in error.

*Hal Lawson,* contra.