28025. SOUTHEASTERN GREYHOUND LINES INC. *et al.* v. DURHAM *et al.*

DECIDED MARCH 13, 1940.

*Carmichael & Grove, Brandon, Hynds & Tindall,* for plaintiffs in error.

*Morris & Welsch, Charles Pigue,* contra.

GUERRY, J. Mrs. J. E. Durham recovered against Southeastern Greyhound Lines Inc., and others, a verdict for $7,300, because of

injuries sustained in a collision between a bus of the defendant company and a car driven by Mrs. Durham. We may say in advance that the evidence authorized the verdict. There are seventeen grounds of the amended motion for new trial. We shall not attempt to discuss all of them in detail, but shall discuss those which seem to be most important.

A careful reading of the entire record in connection with the exceptions taken convinces us that no reversible error is shown. When the entire charge to the jury is considered, there was no limiting of the defense interposed by reason of the language used by the court; nor did the court specifically charge on allegations not supported by some evidence. Another assignment of error is in respect to a recharge given on request by the jury. In his original charge the court had given the law of negligence, comparative negligence, and the duty of the plaintiff to avoid, if she could, the effects of the defendant's negligence, if any. The jury asked that the court redefine the law of negligence and accident. The judge did so, and asked if what he had said answered their question, and they said "yes." Under such circumstances it was not error to fail to charge again on comparative negligence.

We do not think the statement of the witness in respect to the probability of a collision, if the plaintiff had not stopped, was such a conclusion or opinion as to require a reversal. We can not say that the facts and circumstances of the transaction were so capable of being clearly defined and stated to the jury as to prevent the witness from giving his conclusion therefrom.

The last five exceptions are to the refusal of the court to declare a mistrial or rebuke counsel for the plaintiff because of his arguments to the jury. The rule to apply to all such exceptions is, "that it is contrary to law for counsel to comment upon facts not proven." *Mitchum v. State*, 11 *Ga.* 615, 630. That was the rule in 1852; that is the rule now. Judge Nisbet in that case said of counsel's argument to a jury: "His illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination." He must not pervert testimony or surreptitiously array before the jury facts which have not been proved. *W. & A. R. Co. v. Cox*, 115 *Ga.* 715, 719 (42 S. E. 74). Counsel are not permitted to state facts which are not

in evidence; but they may draw deductions from the evidence, and the fact that such deductions are not logical is a matter for reply by adverse counsel, and not for rebuke by the court. *Owens* v. *State*, 120 *Ga.* 205 (47 S. E. 513) ; *Cammons* v. *State*, 59 *Ga. App.* 759, 767 (2 S. E. 2d, 205), and cit. A careful reading of the pleadings and the evidence does not show that counsel in his arguments violated these prime and fundamental duties required of him in presenting his case to the jury. A great deal more might be written in respect to the questions presented, but we do not think they require further elaboration. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*