## 30056. ROBERSON *v.* CITY OF ROME.

DECIDED MAY 15, 1943.

*Kelly & Hicks,* for plaintiff in error. *Chastine Parker,* contra.

FELTON, J. This case is a companion case to *McElreath* v. *Rome,* (69 *Ga. App.* 394) (25 S. E. 2d, 588). There are, however, certain assignments of error in the case at bar which were not present in the *McElreath* case. The assignments in the instant case are that the evidence did not warrant the finding that the plaintiff in error was guilty of conduct unbecoming an officer; that the Civil Service Board committed reversible error through its chairman when he stated at the opening of the hearing, "Of course we don't know anything about the legal technicalities and all we want to know is what he knows about it. This is not a trial, this is just a hearing here before the board;" and that the board erred in refusing counsel for plaintiff in error the right to argue the law and the facts to the board upon the completion of the evidence. Because of the fact that the case will be reversed on other grounds we shall not decide whether the evidence authorized the finding of the board, or whether the statement by the chairman of the board was error, since it will not likely occur on another trial. The case will be decided on the question whether the board erred in refusing counsel the right to argue the law and the facts to the board.

The hearing before the Civil Service Board of the City of Rome was held in accordance with the amendment to the charter of the

City of Rome (Ga. L. 1941, p. 1690), which provides in part as follows: "No member of the fire or police department shall be removed or discharged . . except for cause upon written charges or complaint and after an opportunity for an open public hearing in his own defense by the Civil Service Board. . . The person against whom charges are preferred shall have the right to employ counsel to represent him on the hearing before said board." It is evident that the hearing contemplated by the act is not a common-law or a criminal proceeding. But while it is not a common-law or criminal proceeding it is of a judicial character and must be so conducted. Stiles v. Lowell, 233 Mass. 174 (123 N. E. 615, 4 A. L. R. 1365); State ex rel., Furlong v. McColl, 127 Minn. 155 (149 N. W. 11). The power of the Civil Service Board of the City of Rome is derived from the act creating it, and it has no power not granted by the act, and in performing its functions it must do so in terms of the act. "The full performance of all conditions established by the civil service laws is an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer [citing Stiles v. Lowell (supra), and Thomas v. Lowell, 227 Mass. 116 (116 N. E. 497)]; and where there is no substantial compliance with the statutory procedure, an order of removal is a nullity." 43 C. J. 679.

It is earnestly contended by counsel for the city that the right to have the case argued is not in the act creating the Civil Service Board or in any general statute, and that all of the technicalities of the law are not to be observed on such a hearing, but that the hearing is in the nature of an investigation and not a trial, and that it is within the discretion of the board to refuse to hear argument if it sees fit. We can not agree with this contention because we are of the opinion that the hearing is in the nature of a trial. "The right to a hearing, with notice of charges, especially where, as here, the right to be represented at such hearing by counsel is especially secured, contemplates a proceeding in the nature of a judicial investigation, although it is one in which the attainment of substantial justice rather than the observance of any particular formalities is aimed at." McCarthy v. Emerson, 202 Mass. 352 (88 N. E. 668), and cit.

Being of the opinion that the hearing contemplated by the amendment to the charter of the city is in the nature of a judicial pro-

ceeding, an administrative act to be performed judicially, we look to see whether depriving counsel for plaintiff in error of the right to argue the law and the facts on the hearing deprived the plaintiff in error of such a substantial right under the act empowering the board to hold such a hearing, as to require a reversal of the judgment overruling the certiorari from the decision of the board. In *Garrison* v. *Wilcoxson*, 11 *Ga.* 154, the court charged the jury that they were not "to look to the argument of counsel." The Supreme Court said: "It is a most valuable right to be represented by learned and eloquent counsel, not only before the court, as to the law, but also before the jury, as to the facts. It means something— it is a guarantee against the encroachments of power upon the personal rights of the citizen. It is, in this country, no mean privilege. . . . The true view of the position of counsel, before the jury, is that of aids or helps. They are officers of the court— amenable to its authority, subject to its correction, and restrained by usages of honor and courtesy, which, however, in some instances disregarded, are as ancient in their origin and as potent for good, and as generally respected, as any usages which belong to any class of the highest grade of civilized man. The duties of the advocate are among the most elevated functions of humanity. . . His business is to comment on the evidence—to sift, compare and collate facts—to draw his illustrations from the whole circle of the sciences—to reason with the accuracy and power of the trained logocian, and enforce his cause with all the inspirations of genius, and adorn it with all the attributes of eloquence." In *Robinson* v. *Adkins*, 19 *Ga.* 398, the court held: "It is the right of counsel to argue both the law and facts of his case to the jury." In *Cartright* v. *Clopton*, 25 *Ga.* 85 it is said: "On the trial of a case, when the evidence had closed, the court 'directed counsel for the plaintiff to go on and state his points relied on for a recovery to the jury. Plaintiff's counsel did so. Defendant's counsel then asked the court to give the law in charge to the jury; whereupon counsel for the plaintiff insisted that he had a right to argue his case to the jury.' The court refused to allow him to do so. *Held*, That the court erred." Judge Bleckley, in *VanDyke* v. *Martin*, 55 *Ga.* 466, 469, said: "It is better that a term should be lost than that a judgment should be rendered against a single suitor without granting him, in full, every right. Argument is not only a right, but a material one. It is not a mere ornamental fringe, hung upon

the border of a trial." And, "The last link in a chain of legal right is as sacred as the first."

In view of the authorities just cited, we are of the opinion that the right given by the act to one against whom charges had been filed to employ and be represented by counsel carried with it all the rights connoted by the word "represent;" i. e., to stand in his place; to act as his substitute; to exercise his right; and that, by virtue of the provision securing him the right of representation by counsel, he had the right to have his counsel conduct his case in the manner which is generally accepted by our courts—examination of witness, cross-examination, argument of the law and the facts.

The refusal on the part of the board to allow such argument was error, and the judge erred in overruling the certiorari.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*