33848. DICTOGRAPH PRODUCTS INC. *et al. v.* COOPER.

DECIDED FEBRUARY 28, 1952.

*I. A. Blanch,* for plaintiffs.

*Sam G. Dettelbach,* for defendant.

SUTTON, C. J. 1. Error is assigned, in special ground 4 of the motion, on the refusal of the trial judge to give a written request to charge as follows: "The fact that defendant in this case dismissed the cross-bill for overdrawn commissions does not mean that plaintiff is not liable for overdrawn commissions to defendant." The plaintiff's attorney in his opening statement to the jury had said that the cross-bill was a scheme to defeat the plaintiff's case; that the plaintiff did not owe the defendant for overdrawn commissions; and that the fact that the defendant withdrew and dismissed the counterclaim proved it. The defendant's attorney attempted to answer such argument in his opening statement, but was stopped by the court on an objection.

The defendant by dismissing or withdrawing its cross-action thereby removed from the case the issue of the plaintiff's liability for overdrawn commissions. While it was not proper for the plaintiff's attorney to argue this point in his opening statement to the jury, the defendant's attorney, rather than call the court's attention to such impropriety, sought first to reply to the improper argument on the irrelevant issue, and then in the request to have the court reply to such argument in his charge. The instruction requested was not an instruction to disregard the statement of the plaintiff's counsel, but was a request to charge a negative principle containing the implication that the plaintiff might be liable for such overdrawn commissions, when such liability was not an issue in the case. The trial judge did not err in refusing to give the requested charge.

2. Ground 6 complains of the refusal of the court to give in

charge the following written request: "Testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him if it is contradictory, vague, or doubtful on any issue of the case"; and it is stated that the plaintiff was the only witness in his behalf. However, it is not shown that the testimony of the plaintiff was such as to render this principle applicable, and upon a reading of the plaintiff's testimony, we do not find it to be self-contradictory, vague, or doubtful. The request was not pertinent and applicable, and the trial judge properly refused to give it in charge to the jury.

3. Ground 7 complains that the trial judge, in ordering a recess of the court, excused everybody except the attorneys in the case, and then, out of the presence of the jury, cautioned counsel for the defendant not to interrupt the witnesses while they were being interrogated by counsel until they had an opportunity to answer, on the ground that the request for the attorneys to remain after everybody else was excused gave the jury the impression that some action would be taken by the court against the defendant's attorney, and prejudiced the defendant's case with the jury. It is stated that the court had admonished the defendant's counsel three times during the trial in the presence of the jury against such interruptions, but no complaint is made on account of the admonishments claimed to have been made in the presence of the jury. This ground of the motion is without merit.

4. According to ground 8 of the motion, the plaintiff's counsel, in his argument and summation to the jury, said: "They came here two days ago, June 22nd, with this scurrilous thing," and pointed to the amendment to the answer, filed on June 22, 1951. The defendant objected to this remark and moved for a mistrial, without stating any grounds therefor, and the court overruled the objection and denied the motion. A similar remark had previously been made by counsel for the plaintiff, but no objection or motion was made in regard to it by the defendant. While it is now contended by counsel for the defendant that the remark was prejudicial and irrelevant, and that no action was taken by the court to remove the improper impression from the jury's minds, it does not appear that the remark contained a misstatement of facts or that it was more than rhetorical

comment upon the manner in which the opponent's case was conducted. While it may have been near the bounds of professional propriety to characterize the amendment as scurrilous, meaning abusive or insulting, this cannot be said to have prejudiced the defendant's case.

"Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled." *Adkins* v. *Flagg,* 147 *Ga.* 136 (2a) (93 S. E. 92). See also *Purvis* v. *Atlanta Northern Ry. Co.,* 145 *Ga.* 517 (2), 519 (89 S. E. 571); *Georgia, Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (8) (61 S. E. 505). Neither injury nor abuse of the court's discretion in this respect having been shown, ground 8 of the motion does not show error.

5. Special ground 5 of the motion is not argued or insisted upon. The verdict in favor of the plaintiff was authorized by the evidence, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*