34638.   BANKS *v.* KILDAY.

D<small>ECIDED</small> M<small>AY</small> 14, 1953—R<small>EHEARING DENIED</small> J<small>UNE</small> 1, 1953.

*A. C. Felton III*, for plaintiff in error.

*Roger H. Lawson, John S. Averill, Jr.*, contra.

TOWNSEND, J. ■ At the conclusion of the testimony of Mrs. Banks, wife of the defendant, a motion was made to rule out a part of it on the grounds that it was immaterial, hearsay, and a conclusion of the witness. In the course of a discussion following this motion the court stated: "It seems to me that all that the witness has testified to is immaterial. It seems to me like you have not gotten around to the issue." The jury was then retired and a motion for a mistrial made by the defendant on the ground that such statement was an expression of opinion by the court. The motion for mistrial was denied, and the court instructed the jury as follows: "With reference to a remark that was made in your presence as to the testimony of Mrs. Banks who was on the stand, that in the opinion of the court no part of it was material, I want you to disregard that remark on the part of the court made inadvertently, and there are certain parts of the testimony that are material and I call your attention to it, they are material, and I want to say that while it is fresh on your mind. The court has ruled out all of the testimony of Mrs. Banks that has been presented so far except those statements made to her with reference to statements made by her with reference to conversations had with Dr. Kilday with reference to his leaving Montezuma."

The language of this order, while cumbersome, is not unintelligible. Mrs. Banks had testified in substance: (a) that she accompanied the plaintiff and defendant on their trip to Louisiana, heard conversations between them in the automobile, heard nothing in the conversations about a loan, and that it did not appear to her from the gist of the conversation that Dr. Kilday was buying equipment for Dr. Banks; and (b) she testified as to conversations between herself and Dr. Kilday which occurred about a year later, when he told her he was leaving Montezuma. The court instructed the jury that the latter conversations were admissible. As to the former, had there been any evidence in the record that the matter was discussed on this particular trip, testimony that it was not discussed would have been admissible

as impeaching; but the plaintiff's testimony was to the effect that the agreement had been made at a different time and place. As stated in Code § 38-201, "The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." A part of the testimony relating to the manner of making the trip was irrelevant. Further, she stated no facts upon which to base her conclusion that the transaction was not a loan, other than to state that on this trip she did not hear it discussed as a loan. Where it appears that the witness has no direct or personal knowledge of the transactions testified to, and that his testimony is based upon hearsay and is negative in character, it is properly excluded. *Atkinson* v. *Mullis*, 28 *Ga. App.* 176 (4) (110 S. E. 509).

The motion for mistrial based on the court's statement, during a colloquy with counsel as to the admisibility of the evidence, that it appeared to him that the witness's testimony was immaterial, is not harmful error in view of the specific instructions later given the jury that the remark was inadvertent, and that certain portions of the testimony to which he referred were material. As stated in *York* v. *State*, 42 *Ga. App.* 453 (21) (156 S. E. 733): "The general rule is that the trial judge should not express or intimate, within the hearing of the jury, his opinion as to what has or has not been proved. However, such an expression or intimation, when not flagrant, is not a violation of this statute where it is made during a discussion with counsel of the admissibility of testimony." Special grounds 1 and 2 are without merit.

■ The issue of tender of the purchase money for the equipment, by the plaintiff to the defendant, had previously been ruled out of the case, both as to pleadings and evidence, and this ruling had become the law of the case. The evidence was undisputed that, in the event title to the property was in the plaintiff, he would owe the defendant the full purchase price, and was also undisputed that the plaintiff was about to move to another county. Under these facts, counsel for the defendant argued that, in the event the plaintiff recovered the property, it would be necessary for the defendant to go to another county to sue for the purchase price, to which counsel for the

plaintiff, without objecting to the argument as such, stated: "I consider that that is a prejudicial remark, and I should like to state in open court from the standpoint of the money going back to Evans County, Dr. Kilday is willing to put the money on the table." Counsel for the defendant then moved for a mistrial.

The fact that counsel for one party has used improper argument to the jury will not justify or authorize counsel for the opposing party to do likewise, under the principle of law that *injuria non excusat injuriam. Jones* v. *State*, 14 *Ga. App.* 568 (3) (81 S. E. 801). The remark was clearly improper, and the sole question is whether it demanded the grant of a mistrial. The court instructed the jury as follows: "Gentlemen, the question of title only is in issue in this case, and the question of whether there is any indebtedness between the plaintiff and defendant is not in issue in this case. The question of whether Dr. Kilday owes Dr. Banks any money or not will depend on the construction of the jury, but the jury will not determine the amount of the money and it is not involved in this case; the indebtedness is not involved in this case."

Under the provisions of Code § 81-1009, it is the duty of the trial judge to interpose and prevent prejudicial statements by counsel on matters not in evidence, and, on objection made, also to rebuke counsel and give all needful and proper instructions to the jury to remove the improper impression from their minds; or, in his discretion, he may order a mistrial. The court failed to declare a mistrial and also failed to rebuke counsel, but did clearly and immediately instruct the jury to ignore the statements of both attorneys. It has been frequently held that the restraint and correction of improper argument by counsel is a matter within the discretion of the court, and such discretion will not be controlled unless manifestly abused. *Caldwell* v. *Brown*, 80 *Ga. App.* 858 (57 S. E. 2d 618); *Black & White Cab Co.* v. *Clark*, 67 *Ga. App.* 170 (19 S. E. 2d 570); *West Lumber Co.* v. *Schnuck*, 85 *Ga. App.* 385 (69 S. E. 2d 577); *Dictograph Products* v. *Cooper*, 85 *Ga. App.* 421 (69 S. E. 2d 821). Under the facts here, the discretion of the court does not appear to have been so manifestly abused as to require a new trial.

■ Code § 107-105 provides as follows: "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." The plaintiff, at the commencement of the case, elected to recover the property without hire. The court failed to instruct the jury "to render the verdict as the plaintiff may . . . elect," but instructed them merely to determine the issue of title and then return a verdict either "for the plaintiff" or "for the defendant."

The obvious purpose of Code § 107-105, providing for such an election in a trover action on the part of the plaintiff, is that, where the election is for the value of the property or for damages or hire where hire is involved, and there is some evidence which would authorize the jury to determine these amounts, it would nevertheless be impossible for the jury to return an intelligent verdict for any of these items unless the court gave in charge to the jury the law controlling the fixing of such value or such damages or the value of such hire. Where, however, the election is for the property alone, the only issue for the jury to determine being that of title, and where the verdict as returned by the jury is for the plaintiff, no harm could possibly result to the defendant from the failure of the court to inform the jury as to the election, and a judgment is in conformity with such verdict, under the provisions of Code § 110-301, which is entered for the plaintiff for the property at issue in accordance with such election. It follows, therefore, that this assignment of error is without merit.

■ The jury was authorized to find from the plaintiff's testimony, supported by documentary evidence in the form of bills of sale made out to him and the corroborative testimony of other witnesses as to the facts surrounding the purchase of the property, that the title thereto was in the plaintiff, and that it was purchased by him with money loaned to him by the defendant for that purpose. The general grounds of the motion for new trial are without merit.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*