38145. GEORGIA POWER COMPANY *v.* WALKER.

DECIDED APRIL 5, 1960.

*Harvey D. Griffin, E. Kontz Bennett,* for plaintiff in error.
*Lee S. Purdom,* contra.

CARLISLE, Judge. ■ The first special ground of the motion for a new trial assigns error because the court, over the objection of counsel for the condemnor, permitted counsel for the condemnee to use certain placards with words and figures written thereon illustrating the argument of counsel for the condemnee. It appears from this ground of the motion that counsel for the condemnee had prepared some 7 or 8 sheets of paper, or cards, approximately 18 x 25 inches in size, on which were written words and figures showing what counsel for the condemnee contended had been the evidence of various witnesses with respect to the value of the land being condemned, the value of the trees on the condemned land and the consequential damages to the other land of the condemnee. He had placed these cards, or sheets of paper, on an easel in the courtroom before the jury and sought to use them to illustrate his argument. Counsel for the condemnor objected to his use of the cards on the ground that their use amounted to an undertaking on the part of counsel for the condemnee to introduce before the jury and into evidence the writings thereon after the case had been closed, and that if the same were exhibited to the jury, it would be prejudicial to the condemnor. Counsel for the condemnor further objected to the use of the charts on the ground that they had not been introduced in evidence; that they were in the nature of a resubmission of evidence and, therefore, inadmissible.

It does not appear from this ground that any motion for a mistrial for improper argument was made, but at the conclusion of the colloquy between court and counsel regarding the propriety of the use of these placards, the court instructed the jury: "Gentlemen of the jury, I will instruct you that when you deliberate this case you will not consider any writing, drawing, or otherwise on this easel as evidence in the case. You will not let it influence you one way or the other—the writing on this easel will not influence you one way or the other when you decide this case or in your deliberations in this case. All right, the motion is overruled, and note his exception."

Assuming that this ground of the motion for a new trial shows that a proper objection was made by counsel for the condemnor as to the use of these placards, and that the objection made

properly invoked a ruling of the court at the time, it is not apparent that it was harmful or prejudicial to the condemnor to permit the use of this material by counsel for the condemnee. In their argument to the jury, attorneys have a wide latitude in commenting on the evidence and drawing conclusions therefrom. *Dictograph Products, Inc.* v. *Cooper,* 85 *Ga. App.* 421, 425 (69 S. E. 2d 821). Likewise, the court has a wide latitude and discretion in controlling the argument of counsel (*Banks* v. *Kilday,* 88 *Ga. App.* 307, 311, 76 S. E. 2d 642), and unless it clearly appears that the court has abused this discretion and that such abuse has resulted in harm or prejudice to the opposing party, this court will not undertake to control the exercise of such discretion. *Smith* v. *State,* 204 *Ga.* 184, 188 (2) (48 S. E. 2d 860).

It does not appear from this ground of the motion that the placards objected to were allowed to go out with the jury, and in view of the court's instruction at the time, it is not apparent that the jury could have considered these placards as evidence. A ground of a motion for a new trial complaining merely of the resubmission of evidence to the jury does not show harmful error when it does not appear therefrom exactly what the evidence was or how and in what way it is contended that it is harmful. It follows that the trial court did not err in permitting counsel for the condemnee to use the written illustrations of his argument under the facts of this case. See *Garrison* v. *Wilcoxson,* 11 *Ga.* 154, 158 (3); *Southeastern Greyhound Lines, Inc.* v. *Durham,* 62 *Ga. App.* 99, 100 (8 S. E. 2d 99); *Roberson* v. *City of Rome,* 69 *Ga. App.* 429, 431 (25 S. E. 2d 925); *Atlantic Coast Line R. Co.* v. *Anderson,* 75 *Ga. App.* 829, 835 (4) (44 S. E. 2d 576); 88 C. J. S. 335 et seq., Trial, § 169.

■ Special ground 2 complains of the admission in evidence of copies of two warranty deeds conveying two certain tracts of land fronting on the same highway as the condemnee's land, and in one case consisting of approximately one-half acre conveyed for a consideration of $400 on May 25, 1957, and in the other case, consisting of approximately three-eighths of an acre fronting on the same highway conveyed on December 15, 1951, for a consideration of $500. This evidence was objected to on the ground that it was not similar to the tract sought to be con-

demned here in that it consisted of two small building lots abutting the highway, whereas the tract sought to be condemned was a part of a much larger tract of farm acreage and the specific strip sought to be condemned was some 900 feet back from the highway, it being argued that highway frontage is more valuable than property situated away from the highway. It appeared from the testimony that these tracts were situated approximately one-half mile nearer to the town of Blackshear than the condemnee's tract. The court carefully examined the condemnee as to the relative location of the three tracts and as to their similarity, and after hearing evidence as to these matters permitted the copies of the deeds to go into evidence. As pointed out by the Supreme Court in *Flemister* v. *Central Georgia Power Co.*, 140 *Ga.* 511, 515 (6) (79 S. E. 148), no hard and fast rule with regard to similarity can be fixed by the courts, and in the final analysis it must be left largely to the discretion of the trial judge to determine in a preliminary way whether the property, the evidence of the transfer of which is sought to be introduced for purposes of comparison, is similar to that sought to be condemned, and the trial court's determination in this regard will generally not be disturbed by the appellate courts unless it be manifestly abused. In the instant case, to be sure, the properties were not exactly similar in that they were closer to the highway than that being condemned and were smaller tracts, which according to common knowledge might be expected to sell for a larger amount per unit of area than would a larger tract, but these differences were matters which the jury could note and weigh in considering the probative value of the evidence and upon which counsel for the parties might have legitimately commented in their argument and upon which an appropriate charge could have been given. It is not manifest that this evidence was not of some probative value in illustrating to the jury the worth of the land sought to be condemned.

Special ground 3 of the motion contends that the verdict was excessive, and special ground 4 contends that the evidence was insufficient to authorize a finding as to consequential damages in any amount. These grounds will be considered along with the general grounds, since they are but elaborations thereof.

The evidence showed that the strip of land sought to be condemned by the Power Company for the purposes of an easement to erect a power transmission line was some 1,889 feet long by 100 feet wide, being approximately 4.3 acres of land and situated some three miles east of the town of Blackshear, Georgia, in Pierce County. This land had been planted approximately three years prior to the institution of the condemnation proceedings in pine trees, and witnesses testified that as planted there were approximately 700 trees per acre. Witness H. D. Fowler testified that in his opinion the land was reasonably worth $250 per acre and that the trees as they stood on the land were worth approximately 50 cents each, or of the reasonable value of $300 per acre. He was asked if he had seen where the Power Company's line was put across the condemnee's land, and he testified that he had. Counsel for the condemnee then asked him on direct examination as to how much he would say the damage to the property was by reason of the power line going across there, and he answered that the damage was at least $2,000. Reasonably construed, this was testimony by the witness that the consequential damage to the land remaining was $2,000, and when the three items of damages are totaled, that is, $1,075 for the land taken, $1,290 for the trees, and $2,000 consequential damages, it will be seen that, had the jury believed this witness or taken his figures, a verdict for $4,365 would have been authorized. The jury returned a verdict of $4,300. It was for the jury to determine under proper instructions from the court whether the acquisition by the Power Company of the land for an easement to run a power line amounted to the taking of substantially the entire interest in the land thus sought to be condemned, and this court cannot say in view of the record before it that the verdict was excessive or unauthorized as to any particular element of damages. It follows that the trial court did not err in overruling special grounds 3 and 4 of the motion, nor in overruling the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*