### 21448. WOODS *v.* PASS.

DECIDED JUNE 9, 1931. REHEARING DENIED JULY 14, 1931.

488

*Joel B. Mallet,* for plaintiff in error.   *Darsey & Darsey,* contra.

LUKE, J.   A. D. Pass sued J. E. Woods for damages on account of alleged injuries to his person and property arising from an automobile collision, at a highway intersection, alleged to have been caused by negligence of the defendant, who denied all liability, and, by cross-petition, sought judgment against the plaintiff for damages to his automobile.

■   Counsel for the plaintiff in error argues at some length that the weight of the evidence was in favor of his contention that the negligence of the plaintiff below was the proximate cause of the collision, and that, therefore, the trial judge should have sustained his motion for a new trial upon the general grounds.   A careful reading of the brief of evidence satisfies us that this contention is not valid, and that the evidence supports the verdict.

■   Special ground 1, averring that the court erroneously admitted certain testimony over the objection that "the same was irrelevant, immaterial, incompetent, inadmissible, and illustrated no material issue in the case," is not in proper form for the consideration of this court.   *Staples* v. *State,* 37 *Ga. App.* 97 (139 S. E. 94).

■   Special ground 2 can not be considered, for the reason that it is not approved by the trial judge.   See *Hayes* v. *Chapman,* 147 *Ga.* 625 (95 S. E. 216).

■   Special ground 3 does not disclose error for any reason assigned.   Certainly it is not error for a trial court to state an admitted fact and correctly charge the law applicable thereto.

■   When read as a whole, the charge of the court correctly presents the law applicable to the case, and there is no merit in special grounds 4, 5, 6, 8, and 9.

Though the excerpt from the charge of the court set out in ground 7 is subject to the criticism that it is not as clearly stated as it might have been, yet an analysis of it shows that the gist of the charge is that if the defendant's negligence was the proximate cause of the collision, the plaintiff would be entitled to recover. This ground discloses no reason why the judgment should be reversed.

Therefore we hold that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*