*Hugh Skelton, J. H. & Emmett Skelton,* contra.

## 22026. GEORGIA-FLORIDA MOTOR LINES INC. *v.* SLOCUMB.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court, the allowance of an amendment to a petition can not be the basis of a ground in a motion for a new trial. In order for the judgment allowing the amendment to be reviewed by this court, the bill of exceptions must contain a direct assignment of error upon that judgment.

2. The first part of special ground 2 of the motion for a new trial is merely an elaboration of the general grounds. The rest of the ground complains of the admission of certain evidence "over the timely objection of counsel for the defendant in error [plaintiff in error?] to its introduction (see page 43 first paragraph brief of evidence)." This portion of the ground is too incomplete to be considered. It fails to set forth the evidence admitted, and fails to state the grounds of the objection made to its admission.

3. Special ground 3 is not complete and understandable within itself, and therefore can not be considered. It assigns error upon an excerpt from the charge of the court, for the alleged reason that the charge complained of was not authorized by the evidence, but none of the evidence is set out in the ground or attached as an exhibit thereto. See *Beavers v. State,* 33 *Ga. App.* 370(2) (126 S. E. 305).

4. Special ground 4 alleges error upon the exclusion of certain testimony of a witness, the testimony being rejected on the ground that it was a mere conclusion of the witness. The testimony was subject to the objection urged against it and was properly excluded.

5. The alleged newly discovered evidence is cumulative and impeaching in its character and is not such evidence as would probably cause a different verdict upon another trial of the case.

6. The evidence upon the material issues involved was in acute conflict and would have supported a verdict for either party. The jury, however, by their verdict in favor of the plaintiff, evidently believed his witnesses and disbelieved the defendant's witnesses, and, their

finding having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED APRIL 30, 1932.

*H. B. Edwards, Steve F. Mitchell,* for plaintiff in error.
*Fulwood & Fulwood, Robert R. Forrester,* contra.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*