25056.  BENTLEY *v.* SOUTHERN RAILWAY COMPANY.

DECIDED NOVEMBER 27, 1935.

*George & John L. Westmoreland,* for plaintiff.

*Neely, Marshall & Greene, Edgar Neely Jr.,* for defendant.

GUERRY, J. The plaintiff was injured by an iron bolt flying through the windshield of an automobile in which she was riding, while passing under a bridge of the defendant. She alleged that at the time she was passing under the bridge and was injured, a freight-train of the defendant was using the track on the bridge; that the bolt came from a car of that train; that the bolt was defective and worn, and was thus caused to work out of its socket and fall; and that its defective condition could have been discovered by defendant on inspection.

1. In one ground of the motion for new trial it is urged that the court erred in overruling the plaintiff's objection to a question by counsel for the defendant, as follows: "Do you know anything about the use of that kind of bolt in building automobile truck bodies?" It is then stated that the question was immaterial and irrelevant, for various reasons. This ground is manifestly incomplete in several particulars: (a) The name of the witness to whom the question was addressed is not set out. This is essential. *Peeples* v. *Butler,* 21 *Ga. App.* 310 (94 S. E. 278); *Bean* v. *State,* 29 *Ga. App.* 260 (114 S. E. 915). (b) The ground contains no statement of the answer to the question, and therefore fails to show that the question and answer were prejudicial. This is essential. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523); *Campbell* v. *Walker,* 20 *Ga. App.* 88 (92 S. E. 545). However, even were the assignment of error complete, it seems that the question sought to elicit testimony material to the issues. The plaintiff contended that the bolt fell from the train of the defendant, and introduced

testimony that similar bolts were used in the construction of trains. It was legitimate for the defendant to show that such a bolt was used in the construction of other machinery, and therefore could have come from some source other than its train.

2. When the facts necessary to make out the plaintiff's case are dependent on circumstantial evidence, it is not error to charge the jury that they are not permitted to speculate or guess as to the cause of the injury. In the case at bar it was not error to charge that the jury should not speculate or guess "from what source the bolt alleged to have been the cause of the injury came." In a civil case resting on circumstantial evidence, the circumstances proved must tend in some proximate and reasonable degree to establish the conclusion claimed, and render less probable all inconsistent conclusions. If the evidence adduced is not more than a "scintilla," if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict; and it is not error so to charge. Such a charge does not deny to a party the right to support his claim by proof of facts which by a preponderance of the evidence lead to reasonable inferences which establish the result claimed, or prevent the jury from drawing such reasonable inferences. *Georgia Railway & Electric Co.* v. *Harris,* 1 *Ga. App.* 714, 716 (57 S. E. 1076).

3. In another ground of the motion it is alleged that the judge erred "in stating to the jury eight separate times in his charge that if the jury found that defendant was negligent as alleged in her petition and amendment, and that such negligence was the proximate cause of her injury, 'provided you find that she was injured,'" etc. Complaint is made that this led the jury to believe the court did not think the plaintiff had been injured. There is plainly no merit in this ground. The judge must, under the express mandate of the Code of 1933, § 81-1104, refrain from expressing to the jury any opinion on the evidence; and to state "provided you should find she was injured," was a proper and legitimate manner of refraining from so doing. It is not alleged in this ground that it was unnecessary for the judge to use this expression eight times, nor is it shown in what connection it was so used.

4. The court did not err, under the facts of this case, in failing to charge the jury that "the defendant's failure to produce evi-

dence, which was in its power so to do, that the bolt which struck the plaintiff did not come from part of its train which was crossing the bridge or trestle at the time should be considered by the jury, in passing upon the facts of the case, in the nature of an admission that the bolt did fall from said train." It could hardly be said that the defendant apparently held back evidence within its power to produce, because it had not checked every train and car that might have passed over the track at that time and ascertained by minute investigation whether or not a bolt was missing from any of them. It does not even appear that it would have been possible to do so.

5. The jury found in favor of the defendant, which, under the evidence, it was their right to do; and no error of law appearing, this court has no power to reverse their finding.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*