### 26189. CITY COUNCIL OF AUGUSTA *v.* HAMILTON.

DECIDED NOVEMBER 11, 1937. REHEARING DENIED DECEMBER 15, 1937.

*William T. Gary,* for plaintiff in error. *Pierce Brothers,* contra.

BROYLES, C. J. J. C. Hamilton Jr. brought suit against the City Council of Augusta, alleging that on August 15, 1935, about 9:30 p. m., he was riding a motorcycle in a northerly direction on the Wheeless Road toward the intersection of the Wheeless Road with the Wrightsboro Road, in the corporate limits of the City of Augusta, approaching said intersection at a rate of speed of six to eight miles per hour, intending to turn in an easterly direction down the Wrightsboro Road at the point of intersection; and as he came into the Wrightsboro Road his motorcycle came in contact with slick and slippery mud or silt from three fourths to one and a half inches thick, which was smeared over and spread out upon the Wrightsboro Road at the point of intersection, and the slippery condition of the mud and silt in said street skidded the motorcycle to the north side of the Wrightsboro Road at the intersection with the Wheeless Road, driving the motorcycle against the curbing, throwing petitioner off of the motorcycle against the curbing, fracturing and crushing the second spinal vertebra, wounding and bruising his head, and seriously and permanently injuring him internally; that the silt and mud in the Wrightsboro Road had been carelessly and negligently allowed to accumulate

for a period of months preceding the injury, the same having fallen and sifted into the street from trucks used by the defendant to convey silt and mud taken from the city's waterworks settling basins for use in the City Council of Augusta's Daniel Aviation Field, and for surfacing the approach from the Wrightsboro Road and from the Wheeless Road thereto, and the deposit of silt and mud had washed down the Wrightsboro Road and down the Wheeless Road and covered the entire road-bed of the Wrightsboro Road where it is intersected by the Wheeless Road; that the city failed to display lights and signs to give the public notice of the mud, and that the aforesaid negligent acts of the city were the cause of plaintiff's injury. The defendant denied all allegations of negligence, and averred that the plaintiff "was negligent in approaching the intersection of Wrightsboro Road and Wheeless Road on his motorcycle at a rapid and excessive rate of speed, and in not having his motorcycle equipped with proper brakes and lights, and in operating said motorcycle without having it under control at the time and place alleged in his petition." The jury rendered a verdict for the plaintiff.

The court overruled the defendant's motion for new trial, on which ruling error is assigned.

The first special ground of the motion for new trial alleges that the court erred in overruling a motion to declare a mistrial after the following occurred: Wallace B. Pierce, counsel for the plaintiff, in his argument to the jury, said, in substance: "The city's negligence caused the plaintiff's injury, and the city is keeping plaintiff out of his money. It refused to pay his claim when it was regularly presented to council, and now, through the city attorney, is going to appeal any verdict that this jury may render against it." It was undisputed that the city had refused and was refusing to pay the claim, and the jury necessarily knew this, since the claim was being sued. This being true, no undue information was conveyed to the jury by counsel saying that the city would not pay the claim. The argument that the city would appeal any verdict rendered against it, was unnecessary and inappropriate, but was not calculated to prejudice the defendant. Moreover, no motion for mistrial was made when counsel made this argument (*Brooks* v. *State,* 183 *Ga.* 466), but merely an objection, and upon objection being made the court "admonished Mr. Pierce to confine

his argument to the evidence and the reasonable deductions therefrom." Mr. Pierce later "argued to the jury, in substance, that the City of Augusta was a rich municipal corporation, owning an aviation field, a golf course, polo grounds, tennis courts, waterworks system, and other vast and large public improvements, and besought the jury to render a verdict for the plaintiff for his damages in an amount in keeping with the dignity and vast wealth of the City Council of Augusta." Whereupon attorneys for the city moved that the court declare a mistrial. The court admonished the jury that the wealth of the city had no bearing on the case and was not an issue, and it was entirely a question whether or not plaintiff had been injured by the negligence alleged in the petition, and if injured, what damage had been done to him. "The wealth of the city, I caution you and emphasize, has nothing to do with the administration of justice in this case." These remarks by the judge, rendered necessary by the argument of counsel for the plaintiff, constituted proper instructions to the jury and a rebuke to the plaintiff's counsel; and they were calculated to favor the defendant, in that they informed the jury, in effect, that the plaintiff's counsel had attempted to inject into the case a matter that had "nothing to do with the administration of justice in this case," and *cautioned and emphasized* that "the wealth of the city had no bearing on the case." We think the circumstances as a whole, including the instructions which were evoked by the improper argument, tended to aid rather than harm the city. The error was not a grievous one. It is largely an arbitrary question as to whether a particular improper argument will justify declaring a mistrial; and there are numerous decisions of the Supreme Court and of this court which hold that improper arguments of more serious consequences than the instant one would not justify the declaring of a mistrial. Of course counsel should confine his argument to the evidence and reasonable deductions therefrom; but the expense of another trial should not be incurred unless the administration of justice requires it, and counsel should not be so limited in his argument or so circumscribed by rules that he can not properly and forcefully represent his client. "Counsel should have *ample latitude* to argue what has transpired in a case from its inception to its conclusion, . . and the range of such comment is necessarily *in the discretion of the trial judge."* (Italics ours.) *Adkins* v.

*Flagg,* 147 *Ga.* 136 (93 S. E. 92). In *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705, 710 (181 S. E. 315), it was said: "Upon the question as to whether a declaration of mistrial is required, 'unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with.' *Manchester* v. *State,* 171 *Ga.* 121 (7), 132 (155 S. E. 11). In the instant case, irrespective of whether or not the argument of counsel for the defendant concerning a matter disclosed by the evidence was within the strict language of the statute relative to the grant of a mistrial upon motion, the unauthorized remarks, taking into consideration their nature and character, were subject to correction; and even were the statute to be given application, it was substantially complied with by a proper instruction to the jury, made in open court in the presence of counsel for the defendant, since the statement of the judge in addressing his remarks both to the jury and to the attorney for the defendant was tantamount to a rebuke and sufficient under the circumstances. See *Ga. Life Ins. Co.* v. *Hanvey,* 143 *Ga.* 786 (3) (85 S. E. 1030); *Chunn* v. *McRae,* 43 *Ga. App.* 417, 421 (159 S. E. 130)." See also *Houston* v. *Taylor,* 50 *Ga. App.* 811, 813 (179 S. E. 207); *Georgia Power Co.* v. *Puckett,* 50 *Ga. App.* 720 (7), 725 (179 S. E. 284); *Mutual Life Ins. Co.* v. *Burson,* 50 *Ga. App.* 859 (13), 864 (179 S. E. 390); *Southern Ry. Co.* v. *Tudor,* 46 *Ga. App.* 563 (21) (168 S. E. 98); *Atlanta & West Point R. Co.* v. *Smith,* 38 *Ga. App.* 20 (2), 22 (142 S. E. 308); *Atlantic Coast Line R. Co.* v. *Jones,* 132 *Ga.* 189 (14), 202 (63 S. E. 834); *Western & Atlantic R. Co.* v. *York,* 128 *Ga.* 687 (2) (58 S. E. 183); *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534). The argument of counsel, though not entirely proper, did not demand the declaring of a mistrial, and does not require the grant of a new trial, because: 1st. The evidence showed that the city did have an aviation field, polo grounds, tennis courts, and a waterworks system, and counsel's argument in this regard was largely a reasonable deduction from the evidence. 2d. There was nothing in the argument to inflame the jury. 3d. The judge, by his clear and forceful instructions to the jury, "within the intendment of the law . . removed any prejudicial effect that might possibly have resulted from the improper argument." *A. & W. P. R. Co.* v. *Smith,* supra. 4th. Because "such questions as

this are largely addressed to the discretion of the trial judge, in whose presence the argument was made, and who sees and can judge of the demeanor of counsel in making his argument" (*A. C. L. R. Co.* v. *Jones,* supra), and the judge, in his discretion, saw proper to overrule the motion for a mistrial.

Special grounds 2, 3, and 4 complain that the court, in stating the contentions of the defendant, erred in saying that "the defendant contends that any matter that was there in the nature of silt or mud was the natural accumulation of rains or wind;" the error assigned being in the use of the words silt or mud instead of the word sand. There was no defense set up in the pleadings to the effect that it was sand which had accumulated, and the reference to sand in the evidence did not render this charge erroneous. The court sufficiently charged the law applicable to the issues involved. See, in this connection, *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 585 (188 S. E. 566). The court charged the jury, in part, as follows: "The court is not allowed to express or intimate any opinion as to which side should prevail in this case. However, *without taking from your consideration any issue made by the pleadings or evidence,* the court will briefly sum up the contentions of the party plaintiff and the party defendant. [Then came a brief statement of the plaintiff's contentions, including the contention that the city had negligently allowed silt matter to accumulate on the roadway at this intersection.] In answer to these contentions of the plaintiff, the defendant contends that it *has not been negligent,* and that *no silt has been allowed to gather on the roadway* at the intersection of the Wrightsboro and Wheeless Roads, either from the aviation field or any other adjacent field about this intersection, and that *no sill* has been gathered there under any conditions through the negligence of the city; the defendant contends that any matter that was there *in the nature of* silt or mud was the natural accumulation of rains or wind, but that *in any event the street was not in an unsafe condition,* but was in a reasonably safe condition for the public use; that *the city was not negligent,* but that the plaintiff himself was guilty of contributory negligence, and that *his own lack of diligence was the cause of the injury to himself,* and was the proximate cause of the plaintiff's injury—*his own lack of diligence."* (Italics ours.) This charge was fair to the defendant, and the jury could

not have been misled thereby. It clearly and repeatedly stated that the defendant contended that it had not been negligent, that no silt had been allowed to gather on the roadway, that any matter in the *nature* of silt was the natural accumulation of rains and wind, and that in any event the street was not in an unsafe condition.

Ground 5 alleges error "because the court charged the jury that the defendant contended 'that the city was not negligent, but that the plaintiff himself was guilty of contributory negligence, and that his own lack of diligence was the cause of the injury to himself, and was the proximate cause of the plaintiff's injury—his own lack of diligence.'" This charge was given while the court was stating the contentions of the defendant, and is alleged to be error because the court failed to instruct the jury what constituted lack of diligence, and to charge certain other principles of law; and because it was confusing and misleading to the jury. A correct charge is not rendered erroneous by the failure to charge other principles of law. The court fully charged the jury as to the defenses and contentions of the defendant, and the failure to explain the defendant's contentions, and particularly to explain what is meant by the lack of diligence as alleged in this ground, is not reversible error, in the absence of a timely written and appropriate request. *Ga. Power Co.* v. *Jones,* supra.

Grounds 6, 7, and 8, complaining of the court's charge, are without substantial merit. The instructions on contributory negligence, the exercise of ordinary care by the plaintiff, and the proximate cause of the injury sufficiently covered the principles of law involved, and the charge as a whole was fair.

Ground 9 alleges that the verdict of $12,500 is excessive. The evidence shows that the plaintiff's head was cut and his spine was broken; that for twenty-three days he lay on a "fracture bed" in the shape of a rainbow, with his feet and head down and his back up eight or ten inches, and that he was then put in a plaster cast where he remained for approximately one year, he having been injured in August, 1935, and the cast removed in August, 1936; that he was actually in bed six months and three days; that he "suffered pain from the time of the accident until now," and that he has "not earned any money or been able to do anything since." The undisputed evidence of Dr. D. A. Jardine, the sur-

geon at the hospital where the plaintiff was first taken when he was injured, was in part as follows: "He came in on a stretcher. . . He had a cut over his scalp, which was bleeding a good bit, and he had considerable tenderness on the lower part of his back, and said he couldn't walk on account of the pain in the lower part of the back. He was in what we speak of as a condition of shock. His blood pressure had fallen down considerably lower than it should be, and he was just shocked from the injury. We thought he had a fractured spine, and had an x-ray picture made which showed that he did have a fractured spine; that is, one vertebra of the spinal column was broken, the fourth one from the bottom, the edge of it had simply been crushed down as though his back had been bent by some blow and crushed off the edge of one bone of the spinal column. . . I had charge of him at the hospital forty days. He was sent home in a cast, and was brought to the hospital from time to time when we wanted to see his condition. There is no question about the broken bone. X-rays were taken, and what I have testified to would be shown by x-rays. I have brought the x-rays here. I might say that was the chief break. He had one or two, two I believe, small bones sticking from the side, these two little interjoining bones that come from the side, where there is a rise, and down here it is no rise, just a little knub, and two of these were cracked." The amount of the verdict is not excessive.

While the evidence relating to liability is conflicting, there was ample evidence to sustain the finding of the jury in favor of the plaintiff. There was evidence to show that Wheeless Road, on which the plaintiff was riding as he approached Wrightsboro Road, ran into but not across the latter road, and that the plaintiff, knowing this, had slowed down to eight miles an hour in order to make the turn; that even eighty or ninety yards ahead of the intersection of the roads he was running only twenty or twenty-five miles an hour; that there was silt and mud about three fourths of an inch thick on the road at the intersection which had been dropped by the city in hauling silt and mud from its waterworks basin to other properties; that the city had permitted this silt and mud to stay there; that the plaintiff had seen the city hauling it twenty or twenty-five days before the accident, but did not know that the city had failed to clean up the mud and

permitted it to remain on the street; that the accident was at night, and the plaintiff had lights and good brakes on his motorcycle, but that the use of brakes in the mud would only cause a motorcycle to slip and skid more; that the city had "no street light or stop sign there then;" that the accumulation of mud and silt in the street was the cause of plaintiff's motorcycle skidding which resulted in his injury. As said in *Georgia Power Co.* v. *Jones,* supra: "Under all the evidence, it is impossible for this court to say that the jury was wrong in its conclusions and in finding a verdict for the plaintiff. Consequently, its province in judging the facts and conflicts in the evidence will not be invaded." There being evidence to support the verdict, and no reversible error of law appearing, the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*