28273. DEEN *v.* BAXLEY STATE BANK.

DECIDED APRIL 18, 1940.

*Wade H. Watson,* for plaintiff in error. *M. E. Wood,* contra.

FELTON, J. The Baxley State Bank sued Mrs. D. D. Deen and another on a promissory note. Mrs. Deen filed her answer in which she admitted the execution of the note and receipt of notice of attorney's fees, but denied that she was liable on the note in any amount because the proceeds of the note were applied by the plaintiff to a debt of her husband, and that the note was without consideration as to her. She admitted a prima facie case and assumed

the burden of proof. The evidence introduced by Mrs. Deen was that of herself and her husband to the effect that the proceeds of the note were used to apply either as a credit on the interest or the principal of a debt owed by the husband to the plaintiff. The evidence of the bank was to the effect that the loan was made to Mrs. Deen in the due course of business, that she received the proceeds of the note, and that none of the proceeds were applied on any debt of the husband. The jury returned a verdict for the bank, and to the order overruling the motion for new trial exceptions are taken.

1. There is no merit in the general grounds of the motion. The evidence as to whether the proceeds of the note were used to pay the debt of the husband was in sharp conflict, and it was for the jury to say which witness was to be believed. It being a question for the jury, and the evidence not demanding a finding that the proceeds of the loan were used to pay the debt of the husband, the verdict having the approval of the trial court will not be disturbed by this court.

2. The assignment of error on the admission of certain documentary evidence over the objection that it was "irrelevant and prejudicial" and "illustrated no issue" without showing wherein the evidence was as characterized, is insufficient and will not be considered. *Barrett* v. *Brunswick,* 56 *Ga. App.* 575 (2) (193 S. E. 450) ; *Crosby* v. *State,* 43 *Ga. App.* 220 (158 S. E. 633) ; *Woods* v. *Pass,* 43 *Ga. App.* 487 (159 S. E. 776).

3. There is no merit in the other ground of the motion. It assigns error on certain argument of counsel for the bank in stating to the jury that if they found that Mrs. Deen was not liable on the note the accommodation indorser would be liable to the bank for the payment of the note. Counsel objected to this line of argument, and requested the judge to charge that in the event the maker was discharged the indorser would be. The judge stated that he would take care of that when the jury passed on the evidence. There was no motion to declare a mistrial or to reprimand, and in the absence of such motion, this court will not hold that such argument was so prejudicial to the defendant as to require a reversal of the case. No error was committed, for the further reason that the judge, before his approval of the grounds of the motion, added a note stating that in his charge to the jury he charged that if they believed Mrs. Deen to the effect that the note was for her husband's debt

they should find in her favor, but if they found against her they would give a verdict for the plaintiff and name the amount.

The court did not err in overruling the motion for new trial. *Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

STEPHENS, P. J., concurring specially. I concur in all except the ruling in paragraph 2 of the opinion. I am of the opinion that the evidence referred to was admissible and not objectionable on any ground stated, and that the court did not err in admitting it.