29317. BLACK AND WHITE CAB COMPANY *v.* CLARK.

Decided March 6, 1942. Rehearing denied April 3, 1942.

*Douglas, Andrews & Cole, Samuel D. Hewlett, F. Lee Evans,* for plaintiff in error.

*William F. Buchanan, Thomas B. Branch Jr.,* contra.

Stephens, J. Mrs. Joseph M. Clark Jr. brought suit against the Black & White Cab Company, alleging in her petition that about 11:30 p. m., July 13, 1940, she was a passenger in a cab of the defendant company which was traveling northeasterly along Ivy Street in the City of Atlanta toward the intersection of Baker

and Ivy Streets, and that the driver of the cab on approaching Baker Street was driving at a speed of between thirty-five and forty miles per hour, and that when the cab reached the intersection the plaintiff saw another car traveling easterly on Baker Street, which other car ran into the cab in which the plaintiff was a passenger; that the cab careened across the street and ran into an iron post, causing it to fall on the cab, which turned over and pinned the plaintiff therein; that by reason of the collision the plaintiff suffered a number of injuries including cuts and gashes in her face and a fracture of her left clavicle which rendered her left arm and shoulder useless; that by reason of these injuries she suffered greatly with physical pain and mental suffering by reason of the fact that her capacity to labor and earn money has been permanently impaired, and that she will continue to suffer mental pain from the physical deformity and disfigurement of her face; that the defendant did not use extraordinary care, but, through its driver, was guilty of negligence in operating the cab at the reckless speed of thirty-five to forty miles per hour, in violation of an ordinance of the city, in not stopping the cab when the driver saw the approach of the automobile with which he collided, and in that he did not exercise ordinary care in driving so as to protect the plaintiff from injury.

By an amendment to the petition the plaintiff set up fourteen additional allegations of negligence, among which were failing to keep proper lookout for cars approaching from Baker Street, failing to have the cab under proper control so as to be able to avoid colliding with the car approaching from the intersection of Baker Street, failing to apply the brakes on the cab so as to stop the same and avoid a collision, failing to reduce the speed of the cab on approaching the intersection, failing to guide the cab by turning to the right into Baker Street and thereby avoiding the automobile coming along Baker Street, failing to observe the automobile in time to apply the brakes of the cab, failing to use extraordinary care even to the extent of yielding the right of way to the automobile, failing to be on the alert so as to discover the automobile in time to avoid a collision, failing to blow a horn as a warning of his intention to continue his reckless rate of speed across the intersection.

The defendant filed an answer denying all allegations of negli-

gence and alleging that the cab at all times mentioned was being driven at a speed of less than twenty-five miles per hour, and when the cab had almost crossed Baker Street an automobile approached at a speed of about 40 miles per hour, and from the cab's left, ran across Ivy Street, and hit the cab in the left side turning it over three times; that the cab had not only reached the intersection first but had almost crossed it, and had the right of way under an ordinance of the city and under the law of the State; that the driver of the cab threw on the brakes and had almost stopped when the cab was "stricken" by the automobile, and attempted to avoid the accident by turning to the right but on account of the speed of the vehicle which ran into the cab he did not have time enough to do so after he saw the vehicle enter Ivy Street.

The jury found for the plaintiff $10,000. The defendant moved for a new trial which motion was overruled by the court. The defendant excepted, and assigned error on the overruling of each and all of the grounds of the motion.

■ Ground 5 of the amended motion complains of failure to give a requested instruction which said: "A carrier of passengers is not required by the law to use a precaution to avoid an accident, which, for the first time, after the disaster appears to be a proper precaution against an occurrence. He is only required to have used extraordinary care to prevent the occurrence prior to the same." The gist of this statement seems to be that a carrier is not required to provide against an unforeseen or unknown danger. This request contains an instruction as to what facts constitute negligence. It is a statement that the cab driver could assume that the driver of the other car would obey the law and give the cab driver the right of way. This is not the law. Extraordinary diligence might, in the opinion of the jury, require that the driver should look out for law violators as one of the perils which might interfere with his safe transit. It was a question for the jury to determine what extraordinary diligence demanded under the circumstances.

■ The requests to charge set out in grounds 8 and 9 were sufficiently covered by the charge as given.

■ Ground 10 complains of the refusal of a request to charge which said: "A carrier of passengers is not obliged to foresee and provide against the negligence of third persons unless such neg-

gence is known to the carrier or could have been ascertained by him prior to the occurrence by the exercise of extraordinary care." This is an instruction as to what constitutes negligence. This request is subject to the same objection urged to the request set out in ground 5.

■ Grounds 11, 12, 13, and 14 may be considered together. These grounds substantially complain of the failure of the court to instruct the jury as to the duty of the plaintiff to have exercised ordinary care for her own safety. In none of these grounds does it appear that the court was requested to instruct the jury as to contributory negligence of the plaintiff. In none of the pleadings is there any allegation that the plaintiff did or did not exercise ordinary care. Under such conditions the omission of the court to charge as to negligence of the plaintiff was not error.

■ Ground 15 complains that the court failed to qualify a certain portion of the charge with the statement that the defendant would not be liable if its negligence was not the proximate cause of the injury. In another part of the charge the court instructed the jury: "If you believe that the defendant was negligent and that such negligence was the proximate cause of the injury complained of the plaintiff would be entitled to recover in this case. If you believe that the operator of the other automobile, the Chevrolet, was negligent, and that the negligence of the driver of the other car, the Chevrolet, was in and of itself the proximate cause of the injury complained of, then in that event the defendant in this case would not be liable and the plaintiff could not recover." The charge complained of was a correct statement of the law and was complete in itself. There was no written request for any further charge about the proximate cause, and it was not error for the court in this connection to give in charge another rule.

■ Grounds 16, 17, 18, and 19 can be considered together. They complain of the failure of the court to instruct the jury not to consider certain charges of negligence in the petition which, "as the movant contends," were not supported by any evidence. As to all of these grounds there was no request from the defendant for such instructions. It is not incumbent on the court, without any request to do so, to go through the case and instruct the jury what allegations are supported by the evidence and what are not. The jury are the judges of what has been proved or not proved.

■ In ground 20 it is complained that the court failed to charge the jury as to an independent criminal act intervening between the negligence of the defendant and the damage sustained by the plaintiff. There was no request of the court to make such a charge. It was sufficiently covered by the charge elsewhere as to proximate cause. See paragraph 5 of this opinion. There is no merit in ground 21, which, under the guise of criticizing the charge, is a repetition of ground 20.

■ In ground 22 it is complained that the verdict was excessive. The plaintiff testified that the disfigurement of her face affected her capacity to obtain employment besides causing her unending mortification as to her appearance. There was further testimony as to the fracture of the left clavicle. The plaintiff claimed that this injury had to some extent diminished her capacity to work, and there was medical testimony that such an injury might have a permanent result with regard to the free use of the arm. The defendant alleged in its answer that its cab in which the plaintiff was riding turned over three times after the collision. From the evidence it is clear that it turned completely over at least once. The plaintiff endured much pain and suffering, both physical and mental, as the result of her injuries, and the disfigurement of her face is permanent. Taking all these matters into consideration it can not be held that the verdict was excessive, or was so excessive as to manifest bias and prejudice. It was not error to refuse to set it aside because of excessiveness.

■ Ground 23 complains of the admission of testimony by the plaintiff as to a woman's appearance, neatness, and good looks being necessary qualifications in the type of work in which she was engaged. In its essence this was opinion evidence, but it was not on that account inadmissible. On such a question opinion evidence is the only kind which can be given. Unless it be held absolutely as a matter of law that disfigurement of the face as the result of an act of negligence is not an element of damage, evidence on that point must be allowed and the jury allowed to estimate the damage. As the plaintiff testified in her own behalf, the jury could see her face, and judge, as a matter of common knowledge, as to the extent and effect of the disfigurement.

■ Ground 24 is substantially a repetition of the contentions of the defendant that the court ought to have charged more par-

ticularly as to the proximate cause of the collision, for reasons set out in connection with grounds 15 and 20 above, and needs no further consideration.

■ Ground 25 claims that the court should have explained the meaning of proximate cause. There is no duty on the court to explain or define proximate cause. See paragraph 5 of this opinion.

■ Grounds 26 and 27 may be considered together. It appears that one of the plaintiff's counsel in his argument to the jury stated, substantially, that taxicabs were permitted to park upon the streets of Atlanta where he and other persons were not even permitted to park. Counsel for the defendant objected to this statement on the ground that its object was to create prejudice against the defendant, and moved for a mistrial on account of the remark. In the absence of the jury the matter was discussed between the court and counsel for both sides. The defendant's counsel asked the court to publicly reprimand the plaintiff's counsel in the presence of the jury. The plaintiff's counsel then stated that he had said that the taxicab company had the right to park their cars on the streets for the convenience of the public, and he now withdrew that remark and would so state in the presence of the jury; that he withdrew it and should not have made it. When the jury came back the court said: "Gentlemen of the jury, the remarks made by counsel in argument a moment ago to which objection was made by opposing counsel are withdrawn by the counsel who made the remarks. You will completely disregard the remark that was made." There is no question that the argument was improper. The counsel who made it admitted that, and stated to the court that he would withdraw it. Now the question is whether the remark was of sufficient importance to demand a more drastic reprimand by the court, or was it sufficient ground to invalidate the trial? There are many decisions about improper remarks of counsel, and they are not all alike. There are many which hold that an improper statement by counsel is a minor irregularity which is cured by instruction from the court. There are others which hold that the prejudicial effect of improper argument was not removed or could not be removed by instruction of the court. The general rule is that it is a matter within the discretion of the court, and that this discretion will be controlled only

when it is manifestly abused. From the character of the remark in this case and the action of the court with reference to it, it can not be held that the court's discretion was abused.

In ground 28 it appears that a number of requests to charge which were disconnected except by punctuation were tendered to the court together. The certificate of the judge to the motion for new trial states that the requests which are set out in grounds 5, 6, 7, 8, 9, 10, and 28 were all contained in one written request to charge. A number of these requests were fully covered in the charge as given, and all of them are covered by what has heretofore been said. However, it may be added that the sixth request in order (unnumbered) at the bottom of page 70 of the record, if it had been given, would have been an invasion of the province of the jury, in that it tells absolutely what would not be a lack of extraordinary care under certain circumstances, that the driver of a vehicle entering a public crossing would have the absolute right to expect the driver of another automobile on the left to have such automobile under control so as to give the vehicle on the right the right of way.

Ground 29 complains that the court erred in failing to charge the jury as to certain specific facts, that there was no dispute in the evidence as to these facts, and that if the jury believed that these things were the proximate cause of the injuries to the plaintiff then the plaintiff could not recover. There was no request for this instruction, and the charge quoted in paragraph 5 above was sufficient.

The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

FELTON, J., concurs specially as to the rulings on grounds 26 and 27 of the motion for new trial.