30964. BOWIE MARTIN INC. *v.* DEWS.

74

*Scott, Dunaway, Riley & Wiggins, James Howard,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr.,* contra.

Parker, J. This was an action in two counts, by Harrie Dews against Bowie Martin Inc. for $925, one-half of a real-estate commission collected by the defendant from the sale of certain property; the plaintiff contending in count 1 that he and the defendant, both being real-estate brokers, worked together on the sale under an agreement to divide the commission equally. Count 2 charged liability based on an alleged custom prevailing among real-estate agents in Atlanta, whereby the commission was divided equally where agents worked together in making a sale. The defendant admitted that it had refused to pay the plaintiff anything, and alleged, that it was not indebted to him because it did not agree to divide the commission, that the sale was handled by it without help or aid from the plaintiff, and that the commission paid to the defendant belonged entirely to it. The jury found for the plaintiff on count 1 and against him on count 2. The defendant's motion for new trial was overruled, and it excepted to that ruling.

The first five special grounds of the motion for new trial as amended are amplifications or restatements of the general grounds, and will be so treated. The remaining special grounds, numbered 6, 7, and 8, except to excerpts from the charge of the court, and may be considered together since they are substantially alike. The charges complained of are as follows: "If the owner of real estate, who has placed it for sale in the hands of a real-estate agent, interferes with the sale by his agent, by modifying the terms of sale as regards the price, he would be just as much liable for his commissions as if he had interfered in other way;" and, "If the plaintiff set to work to sell the property and procured a customer, or one likely to buy from the plaintiff, and, pending their negotiation with him, the principal agent interfered, that is, the defendant, knowing or having information that they were negotiating with the customer, and sold the property to the customer thus procured by the plaintiff in this case, even with some modifi-

cations of the price at which he had been authorized to sell, defendant could not defeat plaintiff's commissions, because it would be the fraudulent taking advantage of plaintiff's labor without paying for it;" and, "If the defendant does not use plaintiff's labors to help him, he owes plaintiff nothing; if the defendant does use it, and puts in to take the trade, its consummation, out of plaintiff's hands so as to escape paying the plaintiff, defendant does owe plaintiff, and must pay plaintiff just what plaintiff would have made by the contract if defendant had not prevented it."

Counsel concede that these charges stated correct principles of law, but contend that they were inapplicable, in that there was no evidence of any interference by the defendant with any efforts being made by the plaintiff to sell the property, no evidence that the defendant took the trade out of the plaintiff's hands, no evidence that the defendant knew of any pending negotiations between the plaintiff and the purchaser, and no evidence that the defendant fraudulently took advantage of the plaintiff's labors; and that the charges intimated an opinion by the court that the defendant had interfered with the sale of the property by changing the price, and intimated that the defendant had been guilty of misconduct in endeavoring to take the consummation of the trade from the plaintiff and thus avoid paying for his services.

The evidence authorized the jury to find that there was an agreement between the parties to work together on a fifty-fifty basis in selling the property; that the plaintiff got the keys to the building on the property from the defendant for the purpose of showing it to prospective purchasers, and showed it to a prospect who afterwards became the purchaser; that the plaintiff talked with the prospect about the building a number of times after showing it to him, and told him (the prospect) that he and the defendant were working on the sale; that the plaintiff told the defendant before the deal was closed that he had shown the property to the prospect; that, when the defendant learned of the prospect's efforts to buy directly from the owner, and go around the brokers endeavoring to make the sale, its representative went to the plaintiff and apprised him of the situation; that the plaintiff thereupon told the defendant's representative that the prospect could not close the trade directly with the owner and thus knock them out of collecting a commission, and the plaintiff suggested

to him that they go together to see the prospect about the matter, which suggestion was refused by the representative, who thereafter handled by himself the closing of the deal with the prospect, to the exclusion of the plaintiff, and collected the commission of $1850. It appears also that the property was sold for $55,000, which was $5000 less than the price quoted by the plaintiff to the purchaser.

As to the applicability of the charges objected to, it may be said that a charge is proper if there is any evidence authorizing it. *Willis* v. *Willis,* 18 *Ga.* 13. "When a distinct issue is presented in the pleadings, it is not error in the judge to charge the law in relation thereto, though the evidence be very slight upon that particular point." *Camp* v. *Phillips,* 42 *Ga.* 289. "There may be facts on which to base a charge of the court, without any direct evidence on the point to which the charge relates. It is enough if there be data from which a legitimate process of reasoning can be carried on." *Holland* v. *Long,* 57 *Ga.* 37 (3). "To warrant the court in charging the jury on a given topic, . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown* v. *Matthews,* 79 *Ga.* 1 (2) (4 S. E. 13). We think that the charges excepted to were applicable, that there was sufficient evidence to authorize them, and that they were not intimations or expressions of opinion. It will be noted that each of the charges of which complaint is made began with the word "if." It has been held that it is not error for the court to charge hypothetically. See *Thomas* v. *State,* 49 *Ga. App.* 484, 489 (176 S. E. 155); *Daniels* v. *State,* 58 *Ga. App.* 599, 608 (199 S. E. 572); *Vann* v. *State,* 83 *Ga.* 44 (3) (9 S. E. 945). The plaintiff in error relies strongly on the rulings in *Landrum* v. *Lipscomb-Ellis Co.,* 62 *Ga. App.* 649 (9 S. E. 2d, 205), and *Crutchfield* v. *Western Electric Co.,* 66 *Ga. App.* 161 (17 S. E. 2d, 246), in support of its contention that a verdict in its favor was demanded as a matter of law. Those cases dealt with issues between owners of real estate and agents claiming broker's commissions, whereas the case at bar is a controversy between two brokers where the commission has

been paid to one. The holdings in the cases relied on do not apply to and control this case because of the manifest difference in the facts.

What has been said respecting the sufficiency of the evidence to authorize the charges complained of applies with equal force to the general grounds of the motion. The evidence was sufficient to support the verdict. After a verdict is found, the evidence is construed most favorably to the prevailing party, for every presumption and inference is in favor of the verdict. *Bell* v. *State, 21 Ga. App.* 788 (95 S. E. 270) ; *Wren* v. *State, 57 Ga. App.* 641, 644 (196 S. E. 146) ; *Mutual Life Ins. Co.* v. *Barron, 70 Ga. App.* 454, 457 (28 S. E. 2d, 334). The verdict being authorized by the evidence, and having the approval of the trial judge, in the absence of errors of law we are compelled to hold that the court did not err in refusing a new trial.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*