32211. SOUTHEASTERN AIR SERVICE INC. *v.* CARTER *et al.*

DECIDED NOVEMBER 11, 1948.

*Smith, Partridge, Field, Doremus & Ringel,* for plaintiff in error.

*Stanley P. Meyerson,* contra.

FELTON, J. ■ No further discussion of headnote 1 is necessary.

■ As all other special grounds of the amended motion for new trial are merely an elaboration of the general grounds, they will be treated together. The trial judge sitting without a jury was authorized from the facts to reach the following conclusions: (1) that a relationship of bailment for hire existed between the plaintiff and the defendant, (2) that this bailment obligation was breached by the defendant's failure to use ordi-

nary care to safeguard plaintiff's airplane. The plaintiff testified that he notified the agents of the defendant not to permit anyone to fly this plane because the certificate of airworthiness had expired. The plaintiff's testimony was substantiated by J. G. Dickson, witness for the plaintiff, who testified that he was present at the time the plaintiff gave this notice to the agents of the defendant. The undisputed evidence is that the defendant's agents made no effort to stop Lesher, an employee of the defendant, from taking the plane and that the policy of the defendant required that express instruction or permission must first be given to the defendant or his agents before anyone other than the owner or bailee of a plane was permitted to use it. The evidence is undisputed that the plaintiff did not give Lesher permission to fly the plane on the day of the accident. Although there was conflicting evidence as to whether or not Lesher had been given "blanket" permission to fly the plane whenever the plane was not hired out, there was evidence sufficient to justify a finding either way. The defendant contends that where the plaintiff relies for recovery solely upon his own testimony, and that testimony is vague and equivocal respecting the essential facts at issue, the plaintiff is not entitled to recover. The testimony of the plaintiff was vague and uncertain only as to conclusions drawn by the plaintiff, but it was not vague, uncertain or contradictory as to any material fact on any issue to be decided.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Sutton, C. J., and Parker, J., concur.*