33321.   WATERS *et al. v.* THE STATE.

DECIDED JANUARY 25, 1951.

164

*Wright & Reddick,* for plaintiffs in error.

*Harvey L. Jay, Solicitor-General,* contra.

TOWNSEND, J. ■ Special ground 3 of the amended motion for a new trial contends that the trial court erred in charging the jury as follows: "The State further contends that they followed up this assault with intent to murder, this attack, by undertaking to smother the prosecution, by the payment of the hospital bill." This excerpt is contended to be error for the reason that it is unsupported by evidence and for the further reason that it amounted to an intimation by the court of his opinion as to what had been proved. Special ground 4 of the amended motion contends that the trial court erred in charging the jury as follows: "The defendants contend that they had no idea of killing him and that what they did was in defense of their own lives and their safety and consequently they are not guilty of any offense at all." This excerpt is alleged to be error because it is contended that it does not correctly state the contentions of the parties defendant.

From the testimony of the victim's wife the jury was authorized to find that the defendants Waters and Houston came back to the home of the victim the next morning after the shooting and on that occasion stated that they were sorry about the incident and that they would pay the hospital bill and the doctor bill if the victim did not prosecute them; that pursuant thereto they paid some of the hospital bill. The evidence therefore authorized this charge as a contention of the State.

The defendant Houston made a statement in which he led up to the scene of the shooting, when he and the defendant Waters had returned to the home of the victim, this time accompanied by Walter Patrick. The statement continues: "Walter Patrick said, 'I will go in there and get your money and make Sherman apologize', and we walked up to the porch and this negro Sherman came out with the shotgun and had it cocked at me, and when he did I jumped behind this negro Walter, and then this negro tried to get behind me and I held on to him about as long as I could to get to this car, and I was right at the car and as I jumped that shotgun went off and I hit the dirt and when I got up I reached in the car and got my rifle, and when I got it and could shoot it, he turned to run and

that is the only reason I shot him and I was merely shooting him to save him from getting me or from getting shot." That part of Edwin Waters' statement dealing with what he contends actually transpired at the time of the shooting is as follows: "He (Walter Patrick) told Houston, he said, 'Don't go back up there and I will make Sherman apologize to you and get your money and I will help him get it.' Houston told him, 'Well if you do that, all I want is my money.' This negro then went with us and Houston and this negro walked up to the doorsteps and Sherman Tucker come to the door and he had a single barrel shotgun and he threw the gun up to shoot Houston and he jumped behind this negro Walter and was backing back and he held him up to that point, and he kept the negro between him and the shotgun until he got close to the car, and when he got close to the car, this negro had got loose from him, and about the time Houston hit flat on the ground and I run around the car and run up on the porch. I thought he had shot Houston. I was not giving him any time to load that shotgun and he was loading it and I run up on the porch to another house with a pistol, but I never did fire the pistol. When I saw Houston pick up the rifle, I saw he was not hit and then Houston shot. I don't know how many times. When the negro fell Houston hollered and said don't shoot him—just stop him."

From the statements of these two defendants it is clear that the defendant Houston admitted that he shot the victim and contended that he had done so in self-defense. It is equally clear that Waters contended that what he did at the scene of the shooting was in defense of their own lives and safety. They both contended that they were not guilty of any offense at all. It is equally clear from the tenor of Waters' statement that he had no idea of killing the victim. That did not appear from the statement of Houston. However, that part of the charge, "The defendants contend that they had no idea of killing him", is not unfavorable to Waters, and is favorable to Houston.

It is thus seen that both of these charges as to the contentions of the parties were supported by evidence, and, where not so supported, were favorable rather than harmful to the defendant. It is the duty of the court to charge the law applicable to the case. This cannot be determined without the court first taking

into consideration the evidence adduced on the trial. It is necessary for him to determine in his own mind a state of facts which is authorized by the testimony before he can apply the rules of law that would govern such a state of facts. In this connection the trial court is also authorized, but not required, in the absence of request, to take into consideration the defendant's statement. Having thus determined what the jury would be authorized to find the facts to be, the duty then devolves upon the trial court to give the rules of law covering such a state of facts. The giving of such a rule of law, therefore, does not amount to an expression of opinion on the part of the trial court as to what has been proved, and, as stated in *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82, 93 (49 S. E. 818), to state what the parties contend is another and very different thing from stating the law applicable to such contentions. It is the duty of the court to charge as to the contentions of the parties when the same are supported by evidence. *Evans & Pennington* v. *Nail*, 1 *Ga. App.* 42 (1) (57 S. E. 1020). Grounds 3 and 4 of the amended motion for a new trial are therefore without merit.

■ Special grounds 1 and 5 of the amended motion for a new trial are not complete within themselves and the only assignment of error is that "said charge was erroneous and not sound as an abstract principle of law." Such an assignment of error raises no question for the consideration of this court. See *Montgomery* v. *Nunnally*, 43 *Ga. App.* 93 (2) (157 S. E. 911).

■ Special ground 6 of the amended motion for a new trial contends that the trial court erred in charging the jury as follows: "If you find that there was a conspiracy as contended by the State and you so believe that beyond a reasonable doubt, and that the defendants, each and both of them, participated in the common intent and purpose to do what was done and what was done is that which is alleged in the special presentment, then what was done by another person or either of the persons named in the indictment or special presentment, in pursuance of that common intent and purpose during the pendency of the conspiracy would be just as binding upon the defendants, or upon one as upon the other, whether he did any shooting himself or not." It is contended that this excerpt is unauthorized by

the evidence, that it was misleading and confusing, and that under this charge the jury would have been authorized to have convicted the defendants even if a third person had done the shooting.

The evidence authorized the jury to find: that the defendants went to the home of the victim; that after a brief verbal altercation during which the defendant Waters drew and opened his pocket knife, and the defendant Houston informed the victim that they would return and, if he did not have the money, they would beat him up; that the men left and returned shortly thereafter with a third man, all armed; that the victim saw the three men standing there with guns and immediately turned and ran, and that when he did so he was shot down. There was evidence that he had three separate and distinct types of wounds from which the jury was authorized to find that each of the three persons, including the two defendants, fired upon him. The evidence was therefore sufficient to authorize the jury to find a concert of action between the defendants. The charge was therefore applicable to the issues involved, and was not error for any reason assigned. See Code, § 26-501; *Gore* v. *State,* 162 *Ga.* 267, 269 (134 S. E. 36); *Simmons* v. *State,* 196 *Ga.* 395 (2) (26 S. E. 2d, 785). In view of the evidence in this case, and taking into consideration the whole charge, the excerpt complained of is without error.

■ As appears from the evidence set forth in the preceding divisions of this opinion, the evidence amply supported the verdict, and, having the approval of the trial court, it will not be disturbed by this court.

■ Special ground 2 was expressly abandoned. Grounds 7 and 8 were stricken by the court, to which action no exception was taken.

*Judgment affirmed. MacIntyre, P.J. and Gardner, J. concur.*