33728. WEST LUMBER Co. *v.* SCHNUCK *et al.*

386

DECIDED JANUARY 23, 1952—REHEARING DENIED FEBRUARY 28, 1952.

*Herbert Johnson, Henry M. Hatcher Jr., R. R. Rhudy,* for plaintiff.

*Augustine Sams, Grigsby H. Wotton,* for defendants.

WORRILL, J. (After stating the foregoing facts.) ■ Ground 1 of the amended motion for a new trial contends that the court erred in allowing counsel for the defendants to state, in his opening argument, that the plaintiff had not attempted to foreclose its lien in the way provided by law. Counsel for the plaintiff objected to the statement on the ground that it was improper and prejudicial, and made a motion for a mistrial. It is now contended that the statement was prejudicial because it allowed the jury to consider that the plaintiff's failure to foreclose its lien according to statutory procedure was in itself a breach of some duty. "The trial court has a broad discretion in considering a motion for mistrial based on alleged improper arguments of counsel, and its discretion will not be disturbed unless manifestly abused." *McCoy* v. *Scarborough,* 73 *Ga. App.* 519, 520

(5) (37 S. E. 2d, 221). "In all motions for mistrial, the grant of the motion 'is largely within the discretion of the trial judge, and this discretion will not be interfered with unless manifestly abused.'" *Grayhouse* v. *State*, 65 *Ga. App.* 853, 855 (16 S. E. 2d, 787) and citations. See also *City of Council of Augusta* v. *Hamilton*, 56 *Ga. App.* 859, 861 (194 S. E. 244) ; *Black & White Cab Co.* v. *Clark*, 67 *Ga. App.* 170 (12) (19 S. E. 2d, 570). The discretion of the trial judge will not be controlled since no abuse is shown under the facts presented.

■ Grounds 2, 4, 7, 8, and 9 assign error on the admission of certain evidence over the objection each time that the evidence was incompetent, immaterial and prejudicial. These objections are too vague and indefinite to present anything for consideration by this court. "An objection to the admission of testimony, that it was 'irrelevent, immaterial, incompetent, inadmissible, and illustrated no material issue in the case,' is too general to be considered by this court." *Woods* v. *Pass*, 43 *Ga. App.* 487 (2) (159 S. E. 776). See also *Barrett* v. *City of Brunswick*, 56 *Ga. App.* 575 (2) (193 S. E. 450) ; *Owen* v. *State*, 78 *Ga. App.* 558 (2) (51 S. E. 2d, 602), and citations.

■ Ground 3 complains because the court sustained an objection of counsel for the defendants and refused to allow a witness for the plaintiff to answer a certain question. This ground is insufficient since it fails to reveal the expected answer to the question propounded and show that the judge was apprised of it at the time the question was asked. *York* v. *State*, 42 *Ga. App.* 453, 455 (9) (156 S. E. 733) ; *Shahan* v. *American Tel. &c. Co.*, 72 *Ga. App.* 749 (1) (35 S. E. 2d, 5) ; *Western & Atlantic Railroad* v. *Fowler*, 77 *Ga. App.* 206, 208 (9) (47 S. E. 2d, 874).

■ Ground 5 assigns error on the admission of certain evidence over the objection that the question called for a conclusion. This objection is so vague and general that it was not error for the court to overrule it and admit the testimony. *Harris* v. *State*, 69 *Ga. App.* 872 (27 S. E. 2d, 51).

■ Ground 6 contends that the court erred in allowing a witness for the defendant to answer a certain question, over objection. The ground fails to reveal what answer was given. "Where a ground of a motion for a new trial complaining of the admission in evidence of certain testimony sets forth the question pro-

pounded to the witness, but does not disclose the answer of the witness, and it is necessary to refer to the brief of the evidence in order to pass upon the admissibility of such testimony, it is incomplete and will not be considered by this court. [citing]" *City of LaGrange* v. *Pounds,* 50 *Ga. App.* 219, 223 (177 S. E. 762). See also: *Bentley* v. *Southern Ry. Co.,* 52 *Ga. App.* 188, 189 (182 S. E. 815); *Hardy* v. *State,* 76 *Ga. App.* 488, 490 (46 S. E. 2d, 536).

■ Ground 10 contends that the court erred in giving a certain charge because it was erroneous and injurious to the plaintiff "for the reason that said charge was an unsound and incorrect statement of law, was confusing and misleading to the jury, and gave to the jury an erroneous measure of damages to return against the plaintiff, should the jury find the plaintiff had breached some contract with the defendants." This ground is too general and indefinite to raise any question for decision by this court since it fails to point out wherein the charge was erroneous, injurious, confusing, misleading or otherwise insufficient as assigned. *Wade* v. *Eason,* 31 *Ga. App.* 256, 257 (1) (120 S. E. 440); *Montgomery* v. *Nunnally,* 43 *Ga. App.* 93 (2) (157 S. E. 911); *Owen* v. *State,* 78 *Ga. App.* 558, 559 (3), supra; *Waters* v. *State,* 83 *Ga. App.* 163, 166 (63 S. E. 2d, 264).

■ Ground 11 assigns error on the charge of the court relating to mitigation of damages on the ground that it was erroneous in that it placed a duty upon movant to notify the defendants of their intention to purchase and foreclose a certain loan deed on the property involved when there was no such duty and that the duty to mitigate damages arose only in the event of such notice. The charge stated a correct principle of law as applied to the facts of the case and was not error for any of the reasons assigned.

■ Grounds 12 and 13, which complain that the court refused to give the jury certain instructions requested in writing before the conclusion of the evidence, are defective since it is nowhere alleged that the requests were pertinent and applicable to the facts of the case. *Killabrew* v. *State,* 26 *Ga. App.* 231, 232 (2) (105 S. E. 711); *Savannah & Southern Railway* v. *Davis,* 28 *Ga. App.* 654 (2b) (112 S. E. 907); *Hightower* v. *State,* 33 *Ga. App.* 73 (1) (125 S. E. 511); *Ward* v. *Gardner,* 35 *Ga. App.* 569 (2) (134 S. E. 346).

■ Ground 14 assigns error on the court's lengthy charge on damages on the ground "that such charge was erroneous and injurious to it in that it was an unsound and incorrect measure of damages, it authorized a verdict on behalf of the defendants for their claimed, equity in the property without regard to damages which could have been mitigated, and it was confusing and misleading to the jury." The contentions that the charge was an unsound and incorrect statement of law, and gave an incorrect measure of damages, offer no specific objections and are too vague and general to present anything for consideration by this court. *Wade* v. *Eason,* supra; *Waters* v. *State,* supra. The argument that the charge authorized a verdict for the defendants without regard to damages which could have been mitigated is without merit, since the record shows that the court had previously given an instruction on mitigation of damages. "When error is assigned upon the failure of the court to charge a required principle of law at a particular place in the charge, or in connection with a specified part thereof, the whole charge must be looked to in order to determine whether or not the alleged omitted part is error; and construing the charge as a whole, if the required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error on this ground." *Harper* v. *Hall,* 76 *Ga. App.* 441 (3) (46 S. E. 2d, 201).

■ Ground 15 contends that the court erred in overruling the plaintiff's objections and demurrers and allowing an amendment offered by the defendants during the progress of the trial. "Under repeated rulings of the Supreme Court and of this court, the allowance of an amendment to a petition can not be the basis of a ground in a motion for a new trial. In order for the judgment allowing the amendment to be reviewed by this court, the bill of exceptions must contain a direct assignment of error upon that judgment." *Georgia-Florida Motor Lines Inc.* v. *Slocumb,* 45 *Ga. App.* 204 (1) (164 S. E. 166). Thus, a ground in a motion for a new trial is not the proper place to present to this court the question, whether or not the court erred in allowing an amendment. However, the plaintiff, in addition to complaining in this ground, filed exceptions pendente lite to the order allowing the amendment and included an assignment of error thereon in the main bill of exceptions, thus properly preserving this point

for determination by this court. The amendment in question added paragraph 35, which alleged that the fair market value of the property was $32,500 and that the indebtedness against the property was $22,200 and that as a result of the breach of the contract by the plaintiff, the defendants have been damaged in the amount of the difference, $10,300. The bill of exceptions pendente lite shows that the plaintiff objected to the amendment and orally demurred to it on the grounds: (1) that the allegations were irrelevant and immaterial; (2) that it set forth an erroneous measure of damages; (3) that the allegations were contrary to the allegations of paragraph 34 of the cross-bill; and (4) that neither the amendment nor the cross-bill alleged that the damages were the natural result of the alleged breach of the alleged contract. Grounds (1) and (2) are too vague and indefinite to present anything for consideration. The contention in Ground (3) is without merit. While upon the trial the defendants might be compelled to elect which of the two alleged measures of damages they would urge, inconsistency would not constitute a reason for objecting to the amendment. *Evans* v. *Southern Ry. Co.*, 12 *Ga. App.* 319, 323 (77 S. E. 197). Ground (4) is without merit since it was alleged that the plaintiffs were damaged $10,300 by reason of the breach of contract and that it was made known to the plaintiff when the contract was entered into that the house was being built for sale, that the stated sums would have to be paid, and that the surplus would belong to the defendants.

Ground 16 contends that the court erred in overruling the motion of the plaintiff to strike the cross-bill of the defendants and for a directed verdict in favor of the plaintiff. Since rulings on pleadings are not proper subject-matter of a ground of a motion for a new trial (*Seligman & Co.* v. *Glastonbury Mfg. Co.*, 78 *Ga. App.* 1, 50 S. E. 2d, 153; *Southeastern Air Service* v. *Carter,* 78 *Ga. App.* 8 (1), 50 S. E. 2d, 156), the ruling on the motion to strike the cross-bill is not properly presented to this court and will not be considered. *Brooke & Company* v. *Cunningham Bros.*, 19 *Ga. App.* 21 (90 S. E. 1037); *Byrd* v. *Grace,* 43 *Ga. App.* 255, 256 (8) (158 S. E. 467); *Holland Brothers* v. *Garrett,* 46 *Ga. App.* 47 (2) (166 S. E. 440). It is well-settled that it is never error for the court to refuse to direct a verdict.

*Goss* v. *State*, 82 *Ga. App.* 533 (1) (61 S. E. 2d, 570); *Williams* v. *American Surety Co.*, 83 *Ga. App.* 66 (3) (62 S. E. 2d, 673).

■ The general grounds are without merit. After a verdict, the evidence is construed most favorably to the prevailing party, for every presumption and inference is in favor of the verdict. (*Bowie Martin Inc.* v. *Dews*, 73 *Ga. App.* 73 (2) (35 S. E. 2d, 577), and where the verdict is supported by any evidence, and approved by the trial judge, this court is without authority to disturb it. *Ward* v. *Gardner*, supra. The measure of damages in the present case, for breach of contract, is the difference between the fair market value of the property at the time of the foreclosure and its entire cost. *Upmago Lumber Co.* v. *Monroe & Co.*, 148 *Ga.* 847, 848 (3) (98 S. E. 498). The verdict of $4000 was authorized by the evidence and approved by the trial judge, and there were no errors of law, and hence this court has no power to disturb it.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs, specially.*

FELTON, J., concurring specially. I concur in the judgment and in all of the rulings except those in division 10 of the opinion. As to the exception therein ruled on I am of the opinion that the allowance of the amendment was not harmful to the plaintiff for the reason that the court gave the correct charge on the measure of damages.