## 40977. WILBANKS v. CARTER.

DECIDED OCTOBER 20, 1964—REHEARING DENIED NOVEMBER 17, 1964.

*James L. Flemister,* for plaintiff in error.

*Stow & Andrews, Frank B. Stow, James A. White, Jr., R. T. Bartholomew,* contra.

*Eugene Cook, Attorney General, Paul Rodgers, Assistant Attorney General,* amicus curiae.

NICHOLS, Presiding Judge. ■ The defendant assigns error on several excerpts from the charge as "erroneous and not sound as an abstract principle of law as the same did not apply to the evidence and pleadings in the instant case."

This assignment of error, the same as to each excerpt complained of, complains that the charge was error as applied to the pleadings and evidence, but no pleadings or evidence are set forth or referred to in the motion for new trial. Therefore, such assignments of error are incomplete and present nothing for decision by this court. See *Georgia-Florida Motor Lines, Inc. v. Slocumb,* 45 Ga. App. 204 (3) (164 SE 166). Had the assignments of error been limited to a general assignment that the excerpts were not sound as abstract principles of law then under decisions exemplified by *Fuller v. Self,* 107 Ga. App. 664 (131 SE2d 241), the excerpts complained of would be considered to determine such question but where, as here, the excerpts were complained of on the limited ground that they did not apply to the pleadings and evidence, the rule referred to in *Georgia-Florida Motor Lines, Inc. v. Slocumb,* supra, applies.

■ The plaintiff's cause of action was based on the theory that the defendant, by his agent, caused a truck load of roofing asphalt consigned to the plaintiff to be negligently unloaded and as a result damaged to the extent that it was worthless. The defendant defended upon the theory that as a common carrier he, the plaintiff, and the shipper were bound by the tariff approved by the Georgia Public Service Commission, and that the tariff provided for the shipper to load the asphalt and the consignee to unload it.

On the trial of the case the plaintiff introduced evidence that the asphalt was unloaded by his employees under instructions of the defendant's driver; that such instructions were to roll the drums (averaging 150 pounds each), off the back of the truck; that, at the time the instructions were given, his employee who was in charge of the employees who actually unloaded the asphalt, knew that the drums should be on end and so instructed the employees in his charge, but after the defendant's driver said

it wouldn't melt and run he took no further action to see that the asphalt was properly stacked.

There was no evidence that the asphalt was damaged at the time the drums were rolled off the back of the truck and it appeared it was after all of the drums were unloaded and the plaintiff's employees were back at his warehouse before the asphalt began to melt and run out of the drums. The plaintiff's supervisor knew that the drums should be placed on end and the consequences of any negligence of the defendant in directing that the drums be rolled off could have been avoided by the plaintiff's supervisor. See *Code* § 105-603. In *Watson & Powers v. Loughran*, 112 Ga. 837, 840 (38 SE 82), it was held: "Where the relation of principal and agent exists, the negligence of the agent may be imputed to the principal . . . every servant in the transaction of his master's business represents the master himself, and his acts are, in contemplation of law, the acts of his master." The evidence demanded a finding that the negligence of the defendant, if any, could have been avoided by the exercise of ordinary care by the plaintiff's servant after it became apparent, or should have become apparent. Accordingly, the judgment of the trial court overruling the defendant's motion for new trial on the usual general grounds must be reversed, and it is unnecessary to determine whether the plaintiff would be barred from a recovery solely by the terms of the Georgia Public Service Commission's tariff.

*Judgment reversed. Hall and Russell, JJ., concur.*